1  EDWARD C. DUCKERS (SBN 242113)
   VANESSA A. IMBERG (SBN 203305)
2  STOEL RIVES LLP
   111 Sutter Street, Suite 700
3  San Francisco, CA 94104
   Telephone: (415) 617-8900
4  Facsimile: (415) 676-3000
   E-mail: ecduckers@stoel.com
5
   Attorneys for Defendant
6  Strategic Opportunity Solutions, LLC,
   d/b/a Buffalo Ranch
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  GREGORY R. RAIFMAN, individually and as      Case No. C 07-2552 EDL
    Trustee of the RAIFMAN FAMILY
11  REVOCABLE TRUST DATED 7/2/03,               **NOTICE OF MOTION, MOTION TO**
    SUSAN RAIFMAN, individually and as          **DISMISS FOR LACK OF PERSONAL**
12  Trustee of the RAIFMAN FAMILY               **JURISDICTION, AND**
    REVOCABLE TRUST DATED 7/2/03, and           **MEMORANDUM OF POINTS AND**
13  GEKKO HOLDINGS, LLC, an Alaska limited      **AUTHORITIES IN SUPPORT**
    liability company, dba GEKKO BREEDING       **THEREOF**
14  AND RACING,
                                                Hearing Date:  Tuesday, July 24, 2007
15                 Plaintiffs,                  Hearing Time:  9:00 a.m.
                                                Courtroom:     E, 15th Floor
16        v.
                                                The Honorable Elizabeth D. Laporte
17  CLASSICSTAR, LLC, a Utah limited liability
    company, CLASSICSTAR FARMS, LLC, a
18  Kentucky limited liability company,
    BUFFALO RANCH, a business entity form
19  unknown, GEOSTAR CORPORATION, a
    Delaware corporation, S. DAVID PLUMMER,
20  SPENCER D. PLUMMER III, TONY
    FERGUSON, THOMAS ROBINSON, JOHN
21  PARROT, HANDLER, THAYER &
    DUGGAN, LLC, an Illinois Limited Liability
22  Company, THOMAS J. HANDLER,
    KARREN, HENDRIX, STAGG, ALLEN &
23  COMPANY, P.C., a Utah professional
    corporation f/k/a KARREN, HENDRIX &
24  ASSOCIATES, P.C., a Utah professional
    corporation, TERRY L. GREEN, and DOES 1-
25  1000 inclusive,

26                 Defendants.

27

28

---

NOTICE OF MOTION, MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,              -1-                    C 07-2552 EDL
MEMO OF POINTS AND AUTHORITIES

1    PLEASE TAKE NOTICE that on Tuesday, July 24, 2007, at 9:00 a.m., or as soon

2    thereafter as the matter may be heard in the courtroom of The Honorable Elizabeth D. Laporte,

3    located at Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California,

4    defendant Strategic Opportunity Solutions, LLC, d/b/a Buffalo Ranch ("SOS")[1] will and hereby

5    does move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).

6    SOS requests the entry of an order dismissing plaintiffs' claims against it based on a lack

7    of personal jurisdiction.

8    **ISSUES**

9    1.    Whether the plaintiffs have alleged sufficient facts to establish the minimum

10    contacts required to confer personal jurisdiction over SOS.

11    2.    Whether the plaintiffs have alleged sufficient facts to confer personal jurisdiction

12    over SOS pursuant to RICO.

13    **FACTS**

14    Plaintiffs assert that the Court has personal jurisdiction over "each of the Defendants"

15    under 18 U.S.C. § 1965(a), (b), and (d), as well as state law, "as each transacts business in

16    California or has minimum contacts with California, through the execution of contracts in

17    California, through their involvement with, management of, or receipt of funds from Plaintiffs for

18    the CLASSICSTAR Mare Lease Program . . . such that it is fair and reasonable for this Court to

19    exercise jurisdiction over them." Complaint ¶ 11.

20    Beyond this conclusory allegation, however, plaintiffs fail to allege any specific facts

21    regarding SOS's contacts with California. Plaintiffs specifically mention SOS only a few times in

22    the Complaint: they allege that SOS's principal place of business is in Utah, and that it is engaged

23    in the business of horse breeding (Complaint ¶ 20); that SOS is co-owned by S. David Plummer

24

25    [1] Under Fed. R. Civ. P. 17(b), a party's capacity to sue or be sued is determined with reference to California law. *Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1033 (N.D. Cal. 2004). "[W]hile a

26    corporation may be sued by its fictitious business name, once its true name is discovered, all further proceedings should be in the corporate name." *Pinkerton's, Inc. v. Superior Court*, 57

27    Cal. Rptr. 2d 356, 360 (Cal. Ct. App. 1996). Buffalo Ranch is the fictitious business name of Strategic Opportunity Solutions, LLC. *See* Declaration of S. David Plummer ¶ 2.

28

1   (Complaint ¶ 21); that SOS is an alter ego of "an as yet undetermined number of the other

2   Defendants" (Complaint ¶ 34c); and that plaintiffs are entitled to an accounting from SOS

3   (Complaint ¶¶ 181-83) . SOS is not mentioned anywhere else in the Complaint; most notably,

4   none of the RICO allegations pertain specifically to SOS.  Complaint ¶¶ 104-25.

5        In fact, SOS has never:

6        •    Qualified to do business in California;

7        •    Owned or leased real or personal property in the state of California;

8        •    Owed or been required to pay taxes in the state of California;

9        •    Maintained an office in the state of California;

10       •    Had employees or contractors who resided or were domiciled in the state of
              California;

11

12       •    Conducted business with any of the plaintiffs;

13       •    Conducted any horse breeding operations within California;

14       •    Conducted advertising (print, radio, TV, or online) that was directed or
              circulated to only California residents or a small number of states including
              California;

15

16       •    Conducted promotions directed only to California residents or a small number
              of states including California; or

17       •    Sponsored events in California or a small number of states including
              California.

18

19   Declaration of S. David Plummer ¶ 3a-3i (Plummer Decl.).

20                              **ARGUMENT**

21   **A.    Plaintiffs Bear the Burden of Showing that the Court Has Jurisdiction over SOS**

22        "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears

23   the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co.*

24   *v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  Even if the Court accepts the facts alleged in the

25   Complaint as true, the plaintiffs nevertheless fail to make the required prima facie showing of

26   facts to establish personal jurisdiction. *See id.*

27

28

NOTICE OF MOTION, MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,                    -3-                    C 07-2552 EDL
MEMO OF POINTS AND AUTHORITIES
Seattle-3371551.1 0055012-00001

**B.    Plaintiffs Fail to Plead Sufficient Contacts with California to Confer Personal Jurisdiction over SOS**

As a general rule, "personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach*, 453 F.3d at 1154. Because California's long-arm statute is coextensive with the outer limits of constitutional due process, "the jurisdictional inquiries under state law and federal due process merge into one analysis," and that analysis focuses on the usual due process standard of "minimum contacts." *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

**1.    SOS is not subject to general jurisdiction in California**

"In a controversy unrelated to a defendant's contacts with the forum, a court may exercise general jurisdiction only where 'continuous corporate operations within a state [are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.'" *Id.* (quoting *Bancroft & Masters, Inc. v. Augusta Na"l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). "Put another way, a defendant must not only step through the door, it must also '[sit] down and [make] itself at home.'" *Id.* (quoting *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002)). As a result, "courts have been understandably reluctant to exercise general jurisdiction." *Tuazon*, 433 F.3d at 1172.

SOS is a Utah limited liability company with its principal place of business in Utah. Plummer Decl. ¶ 1. SOS has never qualified to do business in California, has never owned or leased property in California, has never owed or been required to pay taxes in California, has never maintained an office here, and has never had employees or contractors who resided or were domiciled here. Plummer Decl. ¶ 3a-3e. Given this general lack of contact with California, exercising general jurisdiction over SOS would be inappropriate.

1    **2.    SOS is not subject to specific jurisdiction, either**

2         The Ninth Circuit employs a three-part test to analyze whether specific jurisdiction exists.

3    *Pebble Beach*, 453 F.3d at 1155.  Under this test, the plaintiffs must show that: (1) SOS

4    performed some act or consummated some transaction in California or otherwise purposefully

5    availed itself of the privileges of conducting activities here; (2) plaintiffs' claims arise out of or

6    result from SOS's forum-related activities; and (3) the exercise of jurisdiction in this case is

7    reasonable.  *See id.* (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086

8    (9th Cir. 2000)).  "If any of the three requirements is not satisfied, jurisdiction in the forum would

9    deprive the defendant of due process of law."  *Id.* (quoting *Omeluk v. Langsten Slip & Batbyggeri*

10   *A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).

11        **a.    SOS has not purposefully availed itself of California's privileges**

12        The Ninth Circuit has refined the first prong of the minimum contacts test to mean

13   whether the defendant either (1) "purposefully availed" itself of the privilege of conducting

14   activities in the forum, or (2) "purposefully directed" its activities toward the forum.  Thus, in

15   order to satisfy the first prong of the test, the plaintiffs must establish either that SOS (1)

16   purposefully availed itself of the privilege of conducting activities in California, or (2) that it

17   purposefully directed its activities toward this state.  *See Pebble Beach*, 453 F.3d at 1155.

18        The plaintiffs have not alleged any conduct by SOS that satisfies either the purposeful

19   availment or the purposeful direction concepts.  In fact, the plaintiffs have not alleged any

20   conduct by SOS, except to state that it is engaged in the business of horse breeding.  Plaintiffs do

21   not allege that this business either took place within California or that it was directed toward

22   California.

23        In fact, SOS has never conducted horse breeding operations in California.  Nor has SOS

24   ever conducted advertising (print, radio, TV, or online) that was directed or circulated to only

25   California residents or a small number of states including California, or conducted promotions

26   directed only to California residents or a small number of states including California, or

27   sponsored events in California or a small number of states including California.  Plummer Decl. ¶

28   3g-3j.

NOTICE OF MOTION, MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,     -5-             C 07-2552 EDL
MEMO OF POINTS AND AUTHORITIES

For these reasons, the plaintiffs fail to satisfy the first prong of the minimum contacts test, and SOS should be dismissed for lack of personal jurisdiction. *See Pebble Beach*, 453 F.3d at 1155 (where plaintiff's arguments fail under the first prong, the court need not address whether the claim arose out of or resulted from defendant's forum-related activities or whether an exercise of jurisdiction is reasonable).

    **b.**    **There is no relationship between SOS's conduct and any of plaintiffs' claims**

For the second prong of the minimum contacts test to be satisfied, "the contacts constituting purposeful availment must be the ones that give rise to the current suit." *Bancroft*, 223 F.3d at 1088. This requirement is measured in terms of "but for" causation. *Id.*

Again, the plaintiffs have alleged no forum-related activities by SOS that constitute purposeful availment or purposeful direction. SOS has certainly never done business with any of the plaintiffs. Plummer Decl. ¶ 3f. And even if SOS's horse breeding operations had occurred in California or been directed toward this state, the plaintiffs would still fail to satisfy this prong of the minimum contacts test because the mere breeding of horses does not form the basis of any of the plaintiffs' claims. The allegations in the Complaint do not support the notion that the plaintiffs would not have suffered their alleged losses but for SOS's horse breeding operations. In fact, the Complaint does not refer to SOS's horse breeding operations outside of the paragraph that first identifies SOS as a defendant. *See* Complaint ¶ 20.

    **c.**    **It would be unreasonable to assert jurisdiction over SOS**

The Ninth Circuit has articulated seven factors to determine whether the exercise of jurisdiction over a non-resident defendant comports with fair play and substantial justice, none of which is dispositive, but all of which must be considered: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective

1  relief; and (7) the existence of an alternative forum. *Core-Vent v. Nobel Indus. AB*, 11 F.3d 1482,

2  1487-88 (9th Cir. 1993).

3       In this case, four of the seven factors show that the exercise of jurisdiction in California

4  would be unreasonable: purposeful interjection; burden; efficiency of the forum; and availability

5  of an alternate forum. California's interests weigh neither in favor nor against the reasonableness

6  of exercising jurisdiction here; although most of the plaintiffs are California citizens, SOS is not

7  alleged to have conducted any activity in California. Only the factor regarding the plaintiffs'

8  convenience weighs in favor of reasonableness. But "no doctorate in astrophysics is required to

9  deduce that trying a case where one lives is almost always a plaintiff's preference." *Roth*, 942

10  F.2d at 624. For this reason, this factor carries little weight in the overall jurisdictional analysis.

11  *See Core-Vent Corp.*, 11 F.3d at 1490.

12                                    **(i)    Purposeful interjection**

13       The weaker a plaintiff's showing of purposeful availment and relatedness to forum-related

14  facts, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction. *Cf.*

15  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477 (1985) (defendant who purposefully directed

16  activities at forum residents must present a compelling case of unreasonableness). Moreover, the

17  "smaller the element of purposeful interjection, the less is jurisdiction to be anticipated and the

18  less reasonable is its exercise." *Ins. Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266,

19  1271 (9th Cir. 1981). Here, the complete absence of any showing of purposeful availment or

20  relatedness to forum-related facts weighs heavily against the reasonableness of exercising

21  jurisdiction over SOS.

22                                    **(ii)    Burden**

23       "[T]he law of personal jurisdiction is asymmetrical." *FDIC v. British-American Ins. Co.,*

24  *Ltd.*, 828 F.2d 1439, 1444 (9th Cir.1987) (internal quotes omitted). Where "the defendant has

25  done little to reach out to the forum state, the burden of defending itself in a foreign forum

26  militates against exercising jurisdiction." *Id.*

27       The burden on SOS of litigating this case in California would be substantial, especially in

28  light of the absence of facts regarding purposeful availment or direction. SOS does not maintain

NOTICE OF MOTION, MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,                    -7-                    C 07-2552 EDL
MEMO OF POINTS AND AUTHORITIES
Seattle-3371551.1 0055012-00001

1    an office in this state, and its employees, managers, and members who may serve as potential

2    witnesses all reside or are domiciled in Utah or Texas. Plummer Decl. ¶ 4. Furthermore, all of

3    SOS's documents are located at either its Utah or Texas facilities. *Id.* This factor also weighs

4    against the exercise of jurisdiction

5                                 **(iii)    Efficiency of the forum**

6           As noted above, all the witnesses and evidence relating to SOS is in Utah and Texas. That

7    is also where SOS conducts is business operations. Considering that the other defendants are all

8    residents of or domiciled in Utah, Kentucky, Delaware, Florida, and Illinois, it appears that a

9    more centrally-located forum such as Utah or Kentucky would be more efficient than California

10   in terms of the expense and time required for all parties to travel to the forum. Thus, efficiency

11   interests also weigh against the reasonableness of exercising jurisdiction in California.

12                            **(iv)    Availability of an alternate forum**

13          Plaintiffs bear the burden of establishing the unavailability of an alternative forum. *Core-*

14   *Vent*, 11 F.3d at 1490. However, it is undisputed that Utah is an available alternate forum, as

15   SOS maintains it principal place of business there. Thus, this fourth factor weighs against the

16   reasonableness of exercising jurisdiction over SOS in California.

17   **C.    Plaintiffs Fail to Plead Sufficient Facts to Confer Personal Jurisdiction over SOS
             pursuant to RICO**
18
            Not only do the allegations in the Complaint fail to show the necessary minimum contacts
19
     to support the exercise of personal jurisdiction over SOS, but they also fail to show a basis for
20
     jurisdiction over SOS pursuant to RICO.
21
            "In order to effect valid service of process, the federal court must meet two requirements:
22
     (1) some statute must authorize the service of process; and (2) the exercise of personal
23
     jurisdiction must not contravene any constitutionally protected right of the defendant." *Butcher's*
24
     *Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535,
25
     538 (9th Cir. 1986). RICO provides for nationwide service of process—that is, service of process
26
     upon RICO defendants residing outside the federal court's district—when it is shown that "the
27
     ends of justice" require it. *Id.* (citing 18 U.S.C. 1965(b)).
28

1       As *Butcher's Union* makes clear, "For nationwide service to be imposed under section

2   1965(b), the court must have personal jurisdiction over at least one of the participants in the

3   alleged multidistrict conspiracy *and the plaintiff must show that there is no other district in which*

4   *a court will have personal jurisdiction over all of the alleged co-conspirators*. . . . Thus, merely

5   naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s

6   nationwide service provisions." *Butcher's Union*, 788 F.2d at 539 (emphasis added).

7       The facts of *Butcher's Union* are instructive on the limits of nationwide service. The

8   plaintiffs in that case maintained that there was a nationwide conspiracy of "union-busting"

9   among four separate employers that was carried out by their lawyers. *Id.* at 537. The plaintiffs

10  conceded, however, that the defendant employers had no connection with each other beyond the

11  use of the same lawyers, and that each individual conspiracy was largely independent. *Id.* at 536.

12  Accordingly, the trial court held that jurisdiction under RICO was improper because the plaintiffs

13  had failed to allege a nationwide pattern of racketeering activity in which the four defendant

14  employees were participants. Specifically, the plaintiffs failed to allege that the defendants had

15  "specific knowledge of or participation in any of the other conspiracies." *Id.* at 539. Thus, the

16  Court concluded that there was only jurisdiction over the conspiracy centered around the

17  California-based defendant employer. *Id.*

18      Similarly, the plaintiffs here have failed to sufficiently allege a nationwide conspiracy

19  involving SOS. It is well established that a RICO plaintiff must allege the circumstances

20  constituting fraud with the particularity required by Rule 9(b). *See Edwards v. Marin Park, Inc.*,

21  356 F.3d 1058, 1066 (9th Cir. 2004). Plaintiffs can satisfy this heightened pleading requirement

22  by pleading the time, place, and content of the false representations, as well as the identities of the

23  parties to the misrepresentation. *Id.* A plaintiff must at least allege that the defendant "was aware

24  of the essential nature and scope of the enterprise and intended to participate in it." *Baumer v.*

25  *Pachl*, 8 F.3d 1341, 1346 (9th Cir.1993).

26      The gist of the plaintiffs' RICO allegations is that several of the defendants conspired to

27  and did engage in mail and wire fraud in the conduct of a "Mare Lease Marketing Enterprise."

28  But nowhere in the Complaint do the plaintiffs allege what SOS's role in the enterprise was, what

1    SOS knew regarding the alleged misrepresentations, or what SOS agreed to vis-à-vis any

2    conspiracy or scheme to defraud.  Furthermore, SOS is not specifically mentioned anywhere in

3    the RICO portion of the Complaint.  Rather, it appears that the plaintiffs are attempting to include

4    SOS in its RICO claim by virtue of the fact that several allegations are directed toward

5    "Defendants," generally.  But this is not permissible.  "Rule 9(b) does not allow a complaint to

6    merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.

7    2007).  Plaintiffs must instead "differentiate their allegations when suing more than one defendant

8    . . . and inform each defendant separately of the allegations surrounding his alleged participation

9    in the fraud." *Id.*

10    Because the plaintiffs have failed to sufficiently allege SOS's involvement in a nationwide

11    conspiracy, RICO does not provide a basis for jurisdiction over SOS.  Moreover, even if they

12    could show personal jurisdiction over at least one of the RICO defendants, the plaintiffs have yet

13    to establish "that there is no other district in which a court will have personal jurisdiction over all

14    of the alleged co-conspirators." *See Butcher's Union*, 788 F.2d at 539.

## CONCLUSION

16    Because the plaintiffs have failed to establish the necessary minimum contacts to confer

17    personal jurisdiction over SOS, and because the plaintiffs have failed to allege sufficient facts to

18    confer personal jurisdiction over SOS pursuant to RICO, SOS respectfully requests that the Court

19    grant its motion to dismiss for lack of personal jurisdiction.

20

21    DATED:  June 12, 2007

22                                          STOEL RIVES LLP

23

24                                          By: _____

25                                              Vanessa A. Imberg
                                                Attorneys for Defendant
26                                              Strategic Opportunity Solutions, LLC,
                                                d/b/a Buffalo Ranch
27

28

---

NOTICE OF MOTION, MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION,          -10-                        C 07-2552 EDL
MEMO OF POINTS AND AUTHORITIES
Seattle-3371551.1 0055012-00001