FRED S. BLUM, ESQ. (SBN 101586)
ROBERT S. KRAFT, ESQ. (SBN 57517)
**BASSI, MARTINI, EDLIN & BLUM LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

ELECTRONICALLY FILED

Attorneys for Defendants
**CLASSICSTAR, LLC, CLASSICSTAR FARMS, LLC, GEOSTAR CORPORATION, TONY FERGUSON, THOMAS ROBINSON, and JOHN PARROT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. RAIFMAN, SUSAN RAIFMAN AND GEKKO HOLDINGS, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CLASSICSTAR, LLC, et al.,<br><br>Defendants. | CASE NO.   3:07-CV-02552-EDL<br><br>**MOTION TO STAY PENDING RULING BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date:  July 31, 2007<br>Time:  9:00 a.m.<br>The Honorable Judge Elizabeth D. Laporte |

Defendants ClassicStar, LLC ("ClassicStar"), ClassicStar Farms, LLC, GeoStar Corp. ("GeoStar"), Tony Ferguson, Thomas Robinson and John Parrot submit this motion to stay this litigation until the Judicial Panel on Multidistrict Litigation rules on the Motion for Transfer and Coordination or Consolidation Pursuant to 28 U.S.C. § 1407, which ClassicStar and GeoStar are filing this same day with the Judicial Panel on Multidistrict Litigation.

29823 wpd

MOTION TO STAY PENDING RULING BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| 1 | |
| 2 | A memorandum in support of this motion is tendered herewith. |
| 3 | Respectfully submitted, |
| 4 | |
| 5 | /s/Fred S. Blum |
| 6 | Fred S. Blum, Esq. (SBN 101586)<br>Robert S. Kraft, Esq. (SBN 57517) |
| 7 | BASSI, MARTINI, EDLIN & BLUM LLP<br>351 California Street, Suite 200 |
| 8 | San Francisco, California 94104<br>Telephone:  415.397.9006 |
| 9 | Facsimile:   415.397.1339 |
| 10 | COUNSEL FOR DEFENDANTS<br>CLASSICSTAR, LLC; CLASSICSTAR FARMS, |
| 11 | LLC; GEOSTAR CORP., TONY FERGUSON,<br>THOMAS ROBINSON; AND JOHN PARROT |

29823.wpd

MOTION TO STAY PENDING RULING BY JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Richard J. Idell,                   Richard.idell@idellseitel.com
Elizabeth Juliana Rest              Elizabeth.rest@idellseitel.com
Idell & Seitel LLP
465 California Street, Suite 300
San Francisco, CA 94104
COUNSEL FOR PLAINTIFFS

Vanessa Avril Imberg                vaimberg@stoel.com
Stoel Rives LLP
111 Sutter Street, Suite 700
San Francisco, CA 94104
COUNSEL FOR DEFENDANT
BUFFALO RANCH

I further certify that on this 21st day of June, 2007, I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

Ory Sandel
Idell & Seitel LLP
465 California Street, Suite 300
San Francisco, CA 94104
COUNSEL FOR PLAINTIFFS

/s/Fred S. Blum
COUNSEL FOR DEFENDANTS
CLASSICSTAR, LLC; CLASSICSTAR FARMS, LLC; GEOSTAR CORP. AND TONY FERGUSON; THOMAS ROBINSON and JOHN PARROT

29823 wpd

FRED S. BLUM, ESQ. (SBN 101586)
ROBERT S. KRAFT, ESQ. (SBN 57517)
**BASSI, MARTINI, EDLIN & BLUM LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:    (415) 397-9006
Facsimile:    (415) 397-1339

Attorneys for Defendants
**CLASSICSTAR, LLC, CLASSICSTAR FARMS, LLC, GEOSTAR CORPORATION, TONY FERGUSON, THOMAS ROBINSON and JOHN PARROT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. RAIFMAN, SUSAN RAIFMAN AND GEKKO HOLDINGS, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CLASSICSTAR, LLC, et al.,<br><br>Defendants. | CASE NO.    3:07-CV-02552-EDL<br><br>**NOTICE OF FILING MOTION FOR TRANSFER WITH THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION**<br><br>Date:   July 31, 2007<br>Time:   9:00 a.m.<br>The Honorable Judge Elizabeth D. Laporte |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m. on July 31, 2007 or as soon thereafter as the matter may be heard in Room E of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California, Defendants' Defendants ClassicStar, LLC, ClassicStar Farms, LLC, GeoStar Corporation, Tony Ferguson, Thomas Robinson and John Parrot have filed a Motion

///
///
///
///

29820 wpd

1

NOTICE OF FILING MOTION FOR TRANSFER WITH THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

1 | For Transfer And Coordination or Consolidation Pursuant To 28 U.S.C. § 1407 before the Judicial
2 | Panel on MULTI DISTRICT Litigation in Washington, D.C.
3
4 | Dated: June 21, 2007                      Respectfully submitted,
5
6
7                                            /s/Fred S. Blum
                                             Fred S. Blum, Esq. (SBN 101586)
8                                            Robert S. Kraft, Esq. (SBN 57517)
                                             BASSI, MARTINI, EDLIN & BLUM LLP
9                                            351 California Street, Suite 200
                                             San Francisco, California  94104
10                                           Telephone: 415.397.9006
                                             Facsimile:  415.397.1339
11                                           COUNSEL FOR DEFENDANTS
                                             CLASSICSTAR, LLC; CLASSICSTAR FARMS,
12                                           LLC; GEOSTAR CORP., TONY FERGUSON,
                                             THOMAS ROBINSON and JOHN PARROT
13
14
...
28

29820 wpd

29820 wpd

2

NOTICE OF FILING MOTION FOR TRANSFER WITH THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FRED S. BLUM, ESQ. (SBN 101586)
ROBERT S. KRAFT, ESQ. (SBN 57517)
**BASSI, MARTINI, EDLIN & BLUM LLP**
351 California Street, Suite 200
San Francisco, CA 94104
Telephone:   (415) 397-9006
Facsimile:   (415) 397-1339

Attorneys for Defendants
**CLASSICSTAR, LLC, CLASSICSTAR FARMS, LLC, GEOSTAR CORPORATION, TONY FERGUSON, THOMAS ROBINSON, and JOHN PARROT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. RAIFMAN, SUSAN RAIFMAN AND GEKKO HOLDINGS, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CLASSICSTAR, LLC, et al.,<br><br>Defendants. | CASE NO.   3:07-CV-02552-EDL<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING RULING BY PANEL ON MULTIDISTRICT LITIGATION**<br><br>Date: July 31, 2007<br>Time: 9:00 a.m.<br>The Honorable Judge Elizabeth D. Laporte |

Defendants ClassicStar, LLC ("ClassicStar"), ClassicStar Farms, LLC, GeoStar Corp. ("GeoStar") , Tony Ferguson, Thomas Robinson and John Parrot respectfully submit this memorandum in support of their motion to stay all litigation pending a ruling by the Judicial Panel on Multidistrict Litigation ("Panel") on the Motion to Consolidate filed by ClassicStar and GeoStar.

///

29821 wpd

1

## INTRODUCTION

This action is one of many actions through which investors in ClassicStar's Mare Lease Program allege RICO violations and claim the Defendants defrauded its investors out of millions of dollars. As more investors have filed similar actions around the country,[1] ClassicStar and GeoStar are attempting to transfer and consolidate all of these actions pursuant to 28 U.S.C. § 1407. These Defendants respectfully request a stay in this action pending the outcome of the Panel's ruling.

## BACKGROUND

In 2000, the principal shareholders of GeoStar were approached by S. David Plummer ("Plummer") and asked to invest in a mare lease program that he was operating. The mare lease program gave individuals the opportunity to lease a breeding season of a thoroughbred mare. The mare would then be bred to a thoroughbred stallion, and the investor would receive the resulting foal. This program was intended to provide individuals with an opportunity to develop a thoroughbred business or to grow their existing thoroughbred operations.

Prior to that time, GeoStar had engaged exclusively in oil and gas exploration and production operations or businesses related to those operations. The mare lease program appeared to be a profitable venture, however, so GeoStar negotiated with Plummer to purchase the business. Through a series of transactions, two of GeoStar's subsidiaries created ClassicStar, which was established to continue the mare lease program that Plummer had designed.

GeoStar arranged for Plummer to remain in charge of the mare lease program, and Plummer was installed as the president of ClassicStar. Plummer's son, Spencer D. Plummer, was hired as the

---

[1] *West Hills Farms, LLC, et al. v. ClassicStar, LLC, et al.*, Civ. Action No. 06-CV-243 (E.D. Ky.); *J & L Canterbury Farms, LLC, et al. v. ClassicStar, LLC, et al.*, Civ. Action No. 07-CV-163 (E.D. Penn.); *Beechglen Farms, et al. v. ClassicStar, LLC, et al.*, Civ. Action No. 07-CV-00001 (D. Utah); *Plummer v. ClassicStar, LLC, et al.*, Civ. Action No. 07-CV-409 (D. Utah), *Bissmeyer Properties, LP v. ClassicStar, LLC, et al.*, Civ. Action No. 07-CV-00388 (D. Utah), *Premiere Thoroughbreds, LLC, et al. v. ClassicStar, LLC, et al.*, Civ. Action No. 07-CV-976-JA-UAM, (M.D. Fla.). A schedule of affected cases is attached to this motion.

29821 wpd

2

vice-president of ClassicStar. Eventually, Plummer became a marketing director for GeoStar, and his son replaced him as president of ClassicStar.

The Plummers' compensation was based largely on the volume of business they generated for ClassicStar. In order to increase the volume of ClassicStar's business, the Plummers developed a plan for leasing a different breed of horses (quarter horses) to investors. Previously, ClassicStar had only provided investors with thoroughbreds. Plummer developed a large property in Utah called Buffalo Ranch and a large ranch in Texas, where he kept quarter horses. In fact, Plummer had been involved in the quarter horse business for many years prior to meeting anyone at GeoStar.

Plummer arranged for ClassicStar to lease quarter horse mares from his operations at Buffalo Ranch so that ClassicStar could provide its investors with horses. ClassicStar paid Buffalo Ranch millions of dollars for quarter horses, but the Plummers did not provide the quarter horses to ClassicStar that they were obligated to provide. Instead, David Plummer sent a notice to his son Spencer, who was then president of ClassicStar, that the quarter horse arrangements were being cancelled.

Plummer, working with an accountant he had known for years and a law firm that had assisted him with other ventures, then created First Equine Energy Partners, LLC ("FEEP"). The concept behind FEEP was that clients of ClassicStar would contribute interests in quarter horses in exchange for membership units of FEEP. Many clients of ClassicStar now have issues regarding whether they have interests in FEEP, and the plaintiffs in *West Hills* have subpoenaed FEEP. Plaintiffs in other actions have also raised issues concerning FEEP, and ClassicStar and GeoStar anticipate that several other clients of ClassicStar will want to engage in similar discovery.

As a result of the issues regarding FEEP and quarter horses, some of ClassicStar's clients began to claim that ClassicStar had defrauded them by accepting their money for quarter horses breeding arrangements without ever providing them with any quarter horse foals. The situation culminated in the filing of *West Hills Farms, LLC, et al. v. ClassicStar, LLC*, et al., Case No. 06-243-JMH, United States District Court, Eastern District of Kentucky (Hood, J.) ("*West Hills*"). The plaintiffs in *West Hills* allege a broad array of claims involving virtually every type of business

29821.wpd

3

transaction in which ClassicStar engaged with its investors. The filing of *West Hills* was followed by the filing of the other cases identified on the attached Schedule (collectively, "Actions"). All six of the Actions involve claims of fraud against ClassicStar. In four of the Actions, the plaintiffs allege that GeoStar, the ultimate parent company of ClassicStar, has engaged in fraud and conspiracy, and has otherwise taken money out of ClassicStar without providing fair value to ClassicStar. One of the Actions, filed by Spencer Plummer, does not include claims of fraud on the face of the complaint, but will involve counterclaims based upon the same facts underlying the claims in the other Actions.

Based upon communications that ClassicStar has received from other clients, it believes that additional, "tag-along" lawsuits will be filed with allegations similar, if not identical, to those asserted in the Actions. Because ClassicStar's clients are located all over the country, it is likely that additional lawsuits will be filed in various states. In light of the obvious inefficiencies that would be generated from defending the same claims in multiple venues, ClassicStar and GeoStar have moved to transfer the cases for consolidation.

As more cases were filed and based upon information and belief that future filings are certain to come, ClassicStar and GeoStar have petitioned the Judicial Panel on Multidistrict Litigation in the hope of consolidating the present action along with all the other actions.

## ARGUMENT

The Court has discretion to grant a stay of proceedings. "This power to stay is 'incidental to the power inherent in every court to manage the schedule of cases on its docket to ensure fair and efficient adjudication." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Pursuant to this inherent power, this Court can and should stay all proceedings in this action pending a decision by the Panel in the interest of conserving judicial resources and protecting the parties and non-party witnesses from the prejudicial impact of duplicative discovery.

29821.wpd

4

The Panel establishes an MDL to provide for the "convenience of parties and witnesses and ... promote the just and efficient conduct" of complex litigation. 28 U.S.C. § 1407. While a district court is not required to stay a case pending a decision by the panel under J.P.M.L. 1.5, "many district judges elect to suspend pretrial proceedings in cases in which a Panel transfer order is anticipated." *The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts*, 78 F.R.D. 575, 576 n. 11 (1978). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F. Supp. at 1360.

A stay in this action will have no prejudicial impact on the Plaintiffs. To the contrary, absent a stay, Defendants would be burdened with the hardship of litigating a multitude of identical cases in venues around the country with the attendant risk and expense of having to file duplicative motions and perform duplicative discovery. Conner v. AT & T, 2006 WL 1817094, 4 (E.D. Cal. June 2006) (holding that "although Plaintiffs may be subjected to some delay as a result of the issuance of a stay, the prejudice to Plaintiffs does not outweigh the judicial economy interests described above and the potential prejudice to Defendants"). *See also, Rivers, supra*, (granting a motion to stay pending a decision by the Panel); *Nielsen v. Merck & Co.*, 2007 WL 806510 (N.D. Cal. March 2007) (same); *McClelland v. Merck & Co.*, 2007 WL 178293 (D. Hawaii Jan. 2007) (same); *Microsoft Corp. v. Compression Labs, Inc.*, 2005 WL 1565531 (N.D. Cal. July 2005) (same). Congress has established the MDL process to avoid such duplicative proceedings and discovery. *See In re Ivy*, 901 F.2d 7, 9 (2nd Cir. 1990) (citing H.R. Rep. No. 1130, 90th Cong., 2d Sess.). The prejudice to Defendants of having to litigate the same issues in so many different forums is far greater than the short delay in these proceedings.

All of the actions for which transfer and consolidation are being sought concern common facts, documents, witnesses and legal issues arising out of a common course of conduct and common activities related to ClassicStar's Mare Lease Program. It would be inefficient and overly burdensome for Defendants to be required to repeatedly produce the same documents and witnesses

29821 wpd

5

in order address issues common to all parties. This is particularly true where Plaintiffs in this case and in the other cases wish to depose parties that are former employees who are scattered around the country. In this case and the others, where counsel for all parties in all the actions will need access to the same witnesses and a majority of the same documents, coordination is necessary to streamline discovery and promote efficiency. The benefits of coordination and consolidation would be defeated if this action is not stayed. During the time this action is awaiting a ruling from the Panel, the Court may well be forced to decide whether to allow Plaintiffs to amend their complaint, address Defendants' dismissal motions and resolve potential discovery issues. The MDL court hearing the coordinated cases will decide many of the dismissal and discovery issues that this Court may be asked to address in the very near future. A stay will better ensure uniform decisions on pretrial matter in the Mare Lease Program cases.

Granting a stay would, therefore, promote judicial economy and conserve judicial resources, while alleviating the burden of duplicative litigation without prejudice to Plaintiffs.

## CONCLUSION

For the foregoing reasons, these Defendants request that the Court stay these proceedings pending the decision of the Judicial Panel on Multidistrict Litigation.

Dated: June 21, 2007                           Respectfully submitted,

/s/Fred S. Blum
Fred S. Blum, Esq. (SBN 101586)
Robert S. Kraft, Esq. (SBN 57517)
BASSI, MARTINI, EDLIN & BLUM LLP
351 California Street, Suite 200
San Francisco, California 94104
Telephone: 415.397.9006
Facsimile: 415.397.1339
COUNSEL FOR DEFENDANTS
CLASSICSTAR, LLC; CLASSICSTAR FARMS, LLC; GEOSTAR CORP. AND TONY FERGUSON; THOMAS ROBINSON; and JOHN PARROT

29821.wpd

6

## SCHEDULE OF ACTIONS

| NAME OF ACTION | COURT | CASE NUMBER | PRESIDING JUDGE |
|---|---|---|---|
| West Hills Farms, LLC; Arbor Farms, LLC.; and Nelson Breeders, LLC, <br><br>v.<br><br>ClassicStar, LLC; ClassicStar Farms, LLC; National Equine Lending Co., LLC; Geostar Corp.; Tony Ferguson; David Plummer; and John Does 1-3 | E.D. Ky. | 06-243-JMH | Hon. Joseph Hood |
| J & L Canterbury Farms, LLC. and Leo and Jean Hertzog<br><br>v.<br><br>ClassicStar, LLC; Geostar Corporation; S. David Plummer; Spencer Plummer; Tony Ferguson; Private Consulting Group, Inc.; Wilmington Trust of Pennsylvania; and David S. Forman | E.D. Penn. | 07- CV-163 | Hon. Petrese B. Tucker |
| Gregory R. Raifman, individually and as Trustee of the Raifman Family Revocable Trust Dated 7/2/03; Susan Raifman, individually and as Trustee of the Raifman Family Revocable Trust Dated 7/2/03, and Gekko Holdings, LLC, an Alaska limited liability company, dba Gekko Breeding and Racing<br><br>v.<br><br>ClassicStar, LLC, a Utah limited liability company; ClassicStar Farms, LLC, a Kentucky limited liability company, Buffalo Ranch, a business entity form unknown, Geostar Corporation, a Delaware corporation, S. David Plummer, Spencer D. Plummer III, Tony Ferguson, Thomas Robinson, John Parrot, Handler, Tayer & Duggan, LLC, an Illinois Limited Liability Company; Thomas J. Handler, Karren, Hendrix, Stagg, Allen & Company, P.C., a Utah professional corporation f/k/a Karren, Hendrix & Associates, P.C., a Utah professional corporation; Terry L. Green, and | N.D. Cal. | 3:07-CV-02552-EDL | Hon. Elizabeth D. Laporte |

| | | | |
|---|---|---|---|
| Does 1-1000 inclusive | | | |
| Spencer D. Plummer, III , Plaintiff<br><br>v.<br><br>Geostar Corporation; ClassicStar LLC; Gastar Exploration, Ltd.; Thom Robinson; Tony Ferguson; and John W. Parrott | D. Utah | 07-CV-00409 | Hon. David Sam |
| Premiere Thoroughbreds, LLC and Greg Minor and Stephanie Minor, Plaintiffs,<br><br>v.<br><br>ClassicStar, LLC; ClassicStar Farms, LLC; National Equine Lending Co., LLC; Geostar Corp., Terry L. Green; Tony P. Ferguson; S. David Plummer; John W. Parrott; Thomas E. Robinson; Spencer D. Plummer, III; Dwayne Schiellack; Schiellack and Associates; Karren, Hendrix, Stagg, Allen & Company, Does, Defendants | M.D. Florida | 6:07-CV-976-JA-UAM | Hon. John Antoon II |
| Beechglen Farms and John Hales, Plaintiff<br><br>v.<br><br>ClassicStar, LLC and Spencer D. Plummer, III, Defendants | D. Utah | 2:07-CV-00001-PGC | Hon. Paul G. Cassell |
| Bissmeyer Properties, LP, Plaintiff<br><br>v.<br><br>ClassicStar, LLC and S. David Plummer, Defendants | D. Utah | 2:07-CV-00388-TS | Hon. Ted Stewart |

1690049_1 doc