EDWARD C. DUCKERS (SBN 242113)
VANESSA A. IMBERG (SBN 203305)
STOEL RIVES LLP
111 Sutter Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 617-8900
Facsimile: (415) 676-3000
E-mail: ecduckers@stoel.com

Attorneys for Defendant
Spencer D. Plummer III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, SUSAN RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, and GEKKO HOLDINGS, LLC, an Alaska limited liability company, dba GEKKO BREEDING AND RACING, <br><br> Plaintiffs, <br><br> v. <br><br> CLASSICSTAR, LLC, a Utah limited liability company, CLASSICSTAR FARMS, LLC, a Kentucky limited liability company, BUFFALO RANCH, a business entity form unknown, GEOSTAR CORPORATION, a Delaware corporation, S. DAVID PLUMMER, SPENCER D. PLUMMER III, TONY FERGUSON, THOMAS ROBINSON, JOHN PARROT, HANDLER, THAYER & DUGGAN, LLC, an Illinois Limited Liability Company, THOMAS J. HANDLER, KARREN, HENDRIX, STAGG, ALLEN & COMPANY, P.C., a Utah professional corporation f/k/a KARREN, HENDRIX & ASSOCIATES, P.C., a Utah professional corporation, TERRY L. GREEN, and DOES 1-1000 inclusive, <br><br> Defendants. | Case No. C 07-2552 EDL <br><br> **NOTICE OF MOTION, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date:  Tuesday, July 31, 2007 <br> Hearing Time:  9:00 a.m. <br> Courtroom:    E, 15th Floor <br><br> The Honorable Elizabeth D. Laporte |

1    PLEASE TAKE NOTICE that on Tuesday, July 31, 2007, at 9:00 a.m., or as soon

2    thereafter as the matter may be heard in the courtroom of The Honorable Elizabeth D. Laporte,

3    located at Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, California,

4    defendant Spencer D. Plummer III ("Spencer Plummer") will and hereby does move for

5    dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

6    Spencer Plummer requests the entry of an order of dismissal based on the plaintiffs'

7    failure to state a claim against him upon which relief may be granted.

8                                   **ISSUES**

9    1.    Whether the plaintiffs have alleged facts with sufficient particularity to state a

10   RICO claim against Spencer Plummer.

11   2.    Whether the plaintiffs have alleged facts with sufficient particularity to support the

12   allegations of fraud that underlie the state law claims against Spencer Plummer.

13                                   **FACTS**

14   Plaintiffs assert a single RICO claim against Spencer Plummer, along with ten other

15   claims arising under state law.  All of the claims are based on the same general story that the

16   defendants acted in concert to defraud plaintiffs into investing money in a mare lease program.

17   But only a handful of allegations in the Complaint specifically relate to Spencer Plummer.

18   Plaintiffs allege:

19   • he is a resident of Utah, president of ClassicStar LLC, and son of S. David

20   Plummer (Complaint ¶ 22);

21   • he presided over, was associated with, and conducted an enterprise that wrongfully

22   obtained millions of dollars from participants in mare lease programs (Complaint

23   ¶ 28);

24   • he was employed by Classic Breeders, LLC (Complaint ¶ 45);

25   • he generated interest in ClassicStar's mare lease programs (Complaint ¶ 53);

26   • he represented that ClassicStar owned the mares and nominations involved in the

27   mare lease programs (Complaint ¶¶ 57, 82);

28

NOTICE OF MOTION, MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM, MEMO            -2-                    C 07-2552 EDL
OF POINTS AND AUTHORITIES
Seattle-3374378.1 0055012-00005

1     •     he marketed the mare lease programs and represented them as complying with IRS

2         guidelines (Complaint ¶ 58);

3     •     he signed several items that plaintiffs received, which touted the tax benefits of the

4         mare lease program (Complaint ¶ 79);

5     •     he misrepresented virtually every material aspect of the mare lease program

6         (Complaint ¶ 88);

7     •     he represented that by virtue of the "put price" option in the Purchase and

8         Exchange Agreement, plaintiffs would receive a 30 percent return on their original

9         contribution (Complaint ¶ 97);

10    •     on behalf of ClassicStar, he mailed a 2003 Letter of Understanding to the

11        Raifmans on November 20, 2003 (Complaint ¶ 107a);

12    •     he offered the mare leases and purported to provide information regarding the

13        legitimacy of the businesses (Complaint ¶ 116); and

14    •     plaintiffs are entitled to an accounting from him.  Complaint ¶ 182.

15                              **ARGUMENT**

16 **A.     Plaintiffs Fail to Adequately Plead a RICO Claim**

17       In their first claim for relief, the plaintiffs seek to hold Spencer Plummer jointly and

18 severally liable with the other defendants for treble damages, attorneys' fees, and costs under 18

19 U.S.C. § 1964(c).  To recover under 18 U.S.C. § 1964(c), a plaintiff must plead a § 1962

20 violation. *Sedima, S.P.R.L v. Imrex Co.*, 473 U.S. 479, 495, 105 S. Ct. 3275, 87 L. Ed. 2d 346

21 (1985).

22       In this case, plaintiffs allege that Spencer Plummer violated § 1962(c) and § 1962(d).

23 Subsection (c) makes it unlawful to conduct or participate in an enterprise's affairs through a

24 pattern of racketeering activity.  Subsection (d) makes it unlawful to conspire to violate

25 subsections (a), (b), or (c).  18 U.S.C. § 1962 (c), (d).

26        **1.     Plaintiffs fail to allege a violation of § 1962(c)**

27       To state a claim under subsection (c), a plaintiff must allege a pattern of racketeering

28 activity. *Sedima*, 473 U.S. at 496.  "Racketeering activity" includes any of the acts listed in 18

1   U.S.C. § 1961(1), including mail and wire fraud. 18 U.S.C. § 1961(1). A pattern of racketeering

2   activity requires at least two predicate acts of racketeering activity. 18 U.S.C. § 1961(5).

3         Here, plaintiffs allege that all of the defendants committed mail and wire fraud. The mail

4   and wire fraud statutes require proof of (1) the formation of a scheme or artifice to defraud, (2)

5   the use of mails or wires in furtherance of the scheme, and (3) specific intent to deceive or

6   defraud. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1399-1400

7   (9th Cir. 1986). "In *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999),

8   the Supreme Court underscored that the term 'defraud' in the mail fraud statute is given its

9   established common law meaning. *Id.* at 21-25, 119 S. Ct. 1827. As a result, we must look to

10   common law to determine whether [plaintiff] has stated a claim of actionable fraud." *Miller v.*

11   *Yokohama Tire Corp.*, 358 F.3d 616, 620-21 (9th Cir. 2004). "The Supreme Court has identified

12   the elements of fraud as consisting of (1) a false representation (2) in reference to a material fact

13   (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in

14   reliance upon the representation." *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976) (citing

15   *Pence v. United States*, 316 U.S. 332, 338, 62 S. Ct. 1080, 1083, 86 L. Ed. 1510, 1515 (1942)).

16         It is well established that a RICO plaintiff must allege the circumstances constituting

17   fraud with the particularity required by Rule 9(b). *See Edwards v. Marin Park, Inc.*, 356 F.3d

18   1058, 1066 (9th Cir. 2004). Plaintiffs must satisfy this heightened pleading requirement by

19   pleading at least the time, place, and content of the false representations, as well as the identities

20   of the parties to the misrepresentation. *Id.* Moreover, when a RICO claim involves multiple

21   defendants, the Complaint must inform each defendant of the nature of his alleged participation in

22   the fraud. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together."

23   *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Plaintiffs must instead "differentiate

24   their allegations when suing more than one defendant . . . and inform each defendant separately of

25   the allegations surrounding his alleged participation in the fraud." *Id.*

26         As noted above, only a handful of allegations specifically pertain to Spencer Plummer.

27   None of the allegations describe his role in an alleged fraud with particularity. Nearly all of the

28

1  allegations of fraud simply lump the defendants together, and the allegations that do specifically

2  mention Spencer Plummer nevertheless fail to inform him of his role in any alleged fraud.

3       The only allegation that Spencer Plummer misrepresented anything states that he

4  "misrepresented virtually every material aspect of the mare lease program." Complaint ¶ 88. But

5  the "material aspects" of the mare lease program are never identified. And plaintiffs fail to allege

6  the time, place, and content of the false representations, as required by *Edwards*, 356 F.3d 1058.

7  The only specific communication identified by the plaintiffs—the November 2003 Letter of

8  Understanding—is not alleged to have contained any false representations at all. *See* Complaint ¶

9  107a. All of the other representations Spencer Plummer allegedly made are either not identified

10  by date or not identified by the manner in which they were communicated, or both. *See*

11  Complaint ¶¶ 57, 58, 82, 97, 116. For these reasons, Plaintiffs fail to allege either of the predicate

12  acts of mail or wire fraud against Spencer Plummer.

13       Moreover, plaintiffs fail to allege how Spencer Plummer engaged in a "pattern of

14  racketeering activity," because only a *single use* of the mails is alleged against Spencer Plummer.

15  *See* Complaint ¶ 107a. Again, at least two predicate RICO acts are required to show a pattern of

16  activity. 18 U.S.C. § 1961(5).

17      **2.   Plaintiffs fail to allege a violation of § 1962(d)**

18       To state a claim under § 1962(d), a plaintiff must first state a viable claim under

19  § 1962(a), (b), or (c), and must also allege either (1) an agreement that is a substantive violation

20  of RICO—such as an agreement to conduct the affairs of an enterprise through a pattern of

21  racketeering—or (2) that the defendants agreed to commit, or participated in, a violation of two

22  predicate offenses. *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

23       As shown above, plaintiffs have failed to state a viable claim under § 1962(c). In

24  addition, plaintiffs fail to state anywhere in their Complaint that Spencer Plummer, specifically,

25  either (1) struck an agreement that violated RICO or (2) agreed with other defendants to commit

26  mail or wire fraud.

27       Because plaintiffs have failed to allege particular facts to support a violation of either

28  § 1962(c) or (d) by Spencer Plummer, plaintiffs' RICO claim against him should be dismissed.

**B.      Plaintiffs' Remaining Claims Should Be Dismissed for Failure to Satisfy Federal Rule of Civil Procedure 9(b)**

The argument for dismissal of the RICO claim for failure to comply with Rule 9(b) applies equally to plaintiffs' common law fraud claim, alleged in paragraphs 126 to 136 of the Complaint. In California, the elements of common law fraud are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996).

Plaintiffs allege no particular facts in their common law fraud claim against Spencer Plummer, specifically. They do not allege that Spencer Plummer knowingly made any particular material misrepresentation or that he intended any of his statements to induce reliance by the plaintiffs. To be sure, plaintiffs do parrot the elements of common law fraud in their Complaint against "Defendants" and "CLASSICSTAR Defendants," but the requisite particularity—against Spencer Plummer, specifically—is plainly lacking. This is contrary to Federal Rule of Civil Procedure 9(b). *See Swartz*, 476 F.3d at 764-65.

Furthermore, the "particularity" requirement of Rule 9(b) applies not only to claims expressly denominated as "fraud," but also to claims that are grounded in fraud or that sound in fraud. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (where plaintiff alleges "a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim . . . the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)").

Plaintiffs have asserted a total of eleven claims against Plummer. Eight of those claims allege some type of fraud on their face—RICO, common law fraud, negligent misrepresentation, constructive trust, unjust enrichment, civil theft, aiding and abetting civil theft, and conversion. The remaining three claims—money and property had and received, accounting, and negligence—do not mention fraud explicitly, but insomuch as they fail to allege any facts beyond those alleged elsewhere in the Complaint, rely on a unified course of fraudulent conduct as the basis for the claims, and even incorporate by reference allegations of fraud alleged elsewhere in

1    the Complaint (e.g., Complaint ¶¶ 179, 181, 209), it follows that they, too, are grounded in fraud.

2    *See Vess*, 317 F.3d at 1103-04. Moreover, plaintiffs admit that "the state law claims arise from a

3    common nucleus of operative facts giving rise to the federal claims alleged in this case."

4    Complaint ¶ 9.

5        Spencer Plummer has established in detail why the plaintiffs' allegations of RICO

6    violations and common law fraud are inadequate under the heightened pleading standard of Rule

7    9(b). Because all of plaintiffs' remaining claims are based on the same allegations of fraud, it

8    follows that the plaintiffs have likewise failed to meet the heightened pleading standard with

9    respect to the "circumstances constituting fraud" alleged in the remaining claims, as well.

10   Therefore, all of plaintiffs' remaining claims against Spencer Plummer should therefore be

11   dismissed.

12   **CONCLUSION**

13       Because the plaintiffs have failed to state a viable RICO claim and failed to plead with

14   particularity the allegations of fraudulent conduct that underlie the state law claims, Spencer

15   Plummer respectfully requests that the Court grant his motion to dismiss.

16

17   DATED:  June 25, 2007

18                       STOEL RIVES LLP

19

20                       By:

21                       Edward C. Duckers
                    Attorneys for Defendant

22                       Spencer D. Plummer III

23

24

25

26

27

28