1  DRATH, CLIFFORD, MURPHY & HAGEN, LLP
   JOHN M. DRATH (State Bar No. 045031)
2  1999 Harrison Street, Suite 700
   Oakland, California  94612-3517
3  Telephone:  (510) 287-4000
   Facsimile:  (510) 287-4050
4
   Attorneys for Defendants
5  HANDLER, THAYER & DUGGAN, LLC and
   THOMAS J. HANDLER, J.D., P.C. (erroneously sued
6  herein as THOMAS J. HANDLER, individually)

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12  GREGORY R. RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE<br>13  TRUST DATED 7/2/03; SUSAN RAIFMAN, individually and as Trustee of the RAIFMAN<br>14  FAMILY REVOCABLE TRUST DATED 7/2/03; and GEKKO HOLDINGS, LLC, an Alaskan limited<br>15  liability company, dba GEKKO BREEDING AND RACING,<br>16<br>                     Plaintiffs,<br>17<br>           vs.<br>18<br>CLASSICSTAR, LLC, a Utah limited liability<br>19  company; CLASSICSTAR FARMS, LLC, a Kentucky limited liability company; BUFFALO<br>20  RANCH, a business entity form unknown; GEOSTAR CORPORATION, a Delaware<br>21  corporation; S. DAVID PLUMMER; SPENCER D. PLUMMER, III; TONY FERGUSON; THOMAS<br>22  ROBINSON/ JOHN PARROT; HANDLER, THAYER & DUGGAN, LLC, an Illinois limited<br>23  liability company; THOMAS J. HANDLER; KARREN, HENDRIX, STAGG, ALLEN &<br>24  COMPANY, P.C., a Utah professional corporation, f/k/a/ KARREN, HENDRIX &<br>25  ASSOCIATES, P.C., a Utah professional corporation; TERRY L. GREEN; and DOES<br>26  1-1000, inclusive,<br>27                     Defendants. | No. C07-2552 MJJ<br><br>DECLARATION OF THOMAS J. HANDLER IN SUPPORT OF MOTION TO SET ASIDE DEFAULT<br><br><br><br><br><br><br><br><br><br><br><br><br>DATE      :  08/28/07<br>TIME      :  9:30 a.m.<br>COURTROOM :  11 |

28

DECLARATION OF THOMAS J. HANDLER IN SUPPORT OF MOTION TO SET ASIDE DEFAULT                    1

I, THOMAS J. HANDLER, declare and state as follows:

1. I am an attorney authorized to practice before the courts of the State of Illinois, and I am one of the named defendants herein.

2. On May 24, 2007, the summons and complaint in this matter was hand delivered to our office and, within twenty-four (24) hours, I forwarded it to our insurance carrier, GREAT AMERICAN INSURANCE COMPANY ("GREAT AMERICAN"), by Federal Express. Within a week to ten days I was advised by the insurance company that they had retained defense counsel for us, and I gave the matter no further thought, assuming that the matter was being handled by defense counsel and that I would be contacted in due course. I was unaware that a default had been requested until our office received a notice in the mail on July 11 and, that same day, we received a letter from JOHN M. DRATH of DRATH, CLIFFORD, MURPHY & HAGEN advising us that a default had been entered.

3. The allegations in the complaint are wholly without merit as concerns our firm and me personally. Our representation in CLASSICSTAR began in 2001. Firm partners who handle primarily tax matters provided tax advice in connection with the CLASSICSTAR Mare Lease Program. I provided no such professional advice myself, written or otherwise.

4. My area of specialization is estate planning. I am also a horse breeder, and I own horses included in the CLASSICSTAR "Mare Lease Program." In December 2003, CLASSICSTAR hosted an educational conference in St. Croix for breeders, and I attended as both a breeder and as a speaker. My topic was "core estate planning," covering wills, living trusts, and other estate planning tools for individuals with medium to high net worths. My remarks did not address horse ownership or tax benefits related to horse ownership in the CLASSICSTAR or any other similar program. I have never solicited investors in the CLASSICSTAR program.

5. I do not recall ever meeting any of the named plaintiffs at the conference in St. Croix, but it is possible that I did. There were social gatherings at the conference which I attended, and I had conversations with other attendees. To the extent those conversations related to the tax benefits of the CLASSICSTAR Mare Lease Program, and I do not know that they did, they would have involved nothing more than my personal understanding that tax benefits do exist. I was

1  not there is any capacity, official or otherwise, on behalf of CLASSICSTAR. I received no
2  remuneration for attending this conference.
3      I declare under penalty of perjury, under the laws of the State of California, that the
4  foregoing is true and correct. Executed this 20th day of July, 2007 at Chicago, Illinois.

*/s/ Thomas J. Handler*

THOMAS J. HANDLER

R:\75\3048\PDhan001.jmd.wpd

---

DECLARATION OF THOMAS J. HANDLER IN SUPPORT OF MOTION TO SET ASIDE DEFAULT     3