1  JOHN S. BLACKMAN (SB#114654)
   FARBSTEIN & BLACKMAN
2  A Professional Corporation
   411 Borel Avenue, Suite 425
3  San Mateo, California  94402-3518

4  Telephone: (650) 554-6200
   Facsimile: (650) 554-6240
5
   Attorneys for Defendant
6  KARREN HENDRIX STAGG ALLEN & COMPANY, P.C.

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9
   GREGORY R. RAIFMAN, individually          )  CASE NO. C 07 2552 MJJ
10 and as Trustee of the RAIFMAN              )
   FAMILY REVOCABLE TRUST                     )
11 DATED 7/2/03, SUSAN RAIFMAN,               )  KARREN HENDRIX, STAGG, ALLEN,
   individually and as Trustee of the         )  & COMPANY, P.C.'S ANSWER TO
12 RAIFMAN FAMILY REVOCABLE                   )  COMPLAINT; DEMAND FOR JURY
   TRUST DATED 7/2/03, and GEKKO              )  TRIAL
13 HOLDINGS, LLC, an Alaska limited            )
   liability company, dba GEKKO               )
14 BREEDING AND RACING,                       )
                                              )
15          Plaintiffs,                       )
   vs.                                        )
16                                            )
   CLASSICSTAR, LLC, a Utah limited           )
17 liability company, CLASSICSTAR             )
   FARMS, LLC, a Kentucky limited liability   )
18 company, BUFFALO RANCH, a business         )
   entity form unknown, GEOSTAR               )
19 CORPORATION, a Delaware                    )
   corporation, S. DAVID PLUMMER,             )
20 SPENCER D. PLUMMER III, TONY               )
   FERGUSON, THOMAS ROBINSON,                 )
21 JOHN PARROT, HANDLER THAYER                )
   & DUGGAN, LLC, an Illinois Limited         )
22 Liability Company, THOMAS J.               )
   HANDLER, KARREN, HENDRIX,                  )
23 STAGG, ALLEN & COMPANY, P.C., a            )
   Utah professional corporation f/k/a        )
24 KARREN, HENDRIX & ASSOCIATES,              )
   P.C., a Utah professional corporation,     )
25 TERRY L. GREEN, and DOES 1-1000            )
   inclusive,                                 )
26                                            )
            Defendants.                       )
27                                            )
                                              )
28 _____        )

                          1

1     Defendant KARREN HENDRIX STAGG ALLEN & COMPANY, P.C., in

2  responding to the allegations of the complaint on file herein admits, denies and alleges as

3  follows:

4     This responding defendant admits the allegations of paragraphs 28, 29, 164, 185,

5  186, 187, 192, 193 and 194.

6     This responding defendant denies the allegations of paragraphs 125, 135, 136, 146,

7  147, 154, 161, 190, 199, 208 and 219.

8     This responding defendant denies the allegations of paragraphs 1, 2, 6, 33, 35, 36, 37,

9  38, 39, 40, 41, 42, 49, 50, 51, 52, 54, 57, 58, 59, 60, 62, 64, 66, 67, 68, 69, 71, 72, 73, 74, 75, 79,

10  80, 88, 89, 91, 92, 101, 102, 103, 104, 105, 106, 110, 113, 114, 115, 116, 117, 118, 119, 120,

11  121, 122, 123, 127, 128, 129, 130, 131, 132, 139, 140, 141, 142, 149, 150, 163, 166, 167, 168,

12  171, 172, 173, 175, 176, 177, 180, 182, 183, 188, 189, 195, 196, 197, 198, 201, 202, 203, 205,

13  206, 210, 211, 212, 213, 214, 215, 216 and 218 on information and belief.

14     This responding defendant lacks information or belief sufficient to answer the

15  allegations in paragraphs 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23,

16  24, 25, 26, 27, 30, 31, 32, 34, 43, 44, 45, 46, 47, 48, 53, 55, 56, 61, 63, 65, 70, 76, 77, 78, 81, 82,

17  83, 84, 85, 86, 87, 90, 93, 94, 95, 96, 97, 98, 99, 100, 107, 108, 111, 112, 133, 134, 143, 144,

18  145, 151, 152, 153, 156, 157, 158, 159, 160, 165, 170, 178, 204, 207 and 217, and basing its

19  denial on this ground, denies each and every allegation thereof.

20     To the extent plaintiffs have incorporated by reference the allegations of certain

21  paragraphs and causes of action of their complaint into paragraphs 109, 126, 137, 148, 155,

22  162, 169, 174, 179, 181, 184, 191, 200, and 209 of their complaint, these responding

23  defendants incorporate by reference each and every denial, allegation, defense or objection

24  made to such incorporated allegations in the complaint, and incorporates them in their

25  response to paragraphs 109, 126, 137, 148, 155, 162, 169, 174, 179, 181, 184, 191, 200, and

26  209 of the complaint.

27  / / /

28

2

## AFFIRMATIVE DEFENSES

AS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES TO THE COMPLAINT AND EACH AND EVERY CAUSE OF ACTION THEREOF, this answering defendant alleges:

1. That the complaint and/or each of the causes of action therein fails to allege facts sufficient to state a or any claim of relief or cause of action against this answering defendant.

2. That the incidents complained of were proximately caused and/or contributed to by the sole or concurrent negligence and/or acts or omissions of persons or entities other than this answering defendant, including plaintiffs herein.  Defendant therefore prays that the court compare the negligence and/or acts or omissions of all persons, firms, corporations and/or entities of any kind which proximately caused or contributed to the incidents complained of herein and the injuries, if any, sustained by plaintiffs herein, and that the court award damages, if any, against this answering defendant only in proportion to its percentage of fault, if any.

3. That plaintiffs' complaint, and each cause of action therein, is barred by the provisions of the applicable statutes of limitation, in particular but not limited to, Code of Civil Procedure Sections 335.1, 337, 337.1, 338, 339, 340, 340.10 and/or 343.

4. That plaintiffs were themselves negligent in and about the matters alleged in the complaint, and that said negligence of plaintiffs was the sole and/or partial proximate cause of their damages herein, if any there were.

5. That the sole and/or partial proximate cause of the allegedly actionable incidents and/or damage complained of in plaintiffs' complaint herein was due to the negligence and/or other misconduct of other persons or entities for whom this defendant is not responsible.  Plaintiffs' recovery herein, if any, should therefore be barred, reduced or apportioned in accordance with the degree of responsibility of those other persons or entities for the damages complained of herein.

3

6.  That plaintiffs themselves assumed the risk, if any there were, at the times and places of the incidents referred to in their complaint, and that whatever conditions were at said times and places, said conditions were obvious, clearly discernable and in fact known to plaintiffs, and that said assumption of risk resulted in the plaintiffs' injuries, if any.

7.  That plaintiffs' complaint is barred because of, and/or their right to recover is diminished in proportion to, plaintiffs' failure to mitigate their damages, if any there were.

8.  That the injuries complained of by plaintiffs, if any, were proximately caused by some other incident or happening than what has been pleaded, and/or by some other tortfeasor.

9.  That plaintiffs were themselves guilty of a breach of contract or other misconduct which would preclude a right of recovery herein.

10. That plaintiffs' complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action for punitive or exemplary damages against this answering defendant, and further, that plaintiffs' purported claim for punitive or exemplary damages violates this answering defendant's rights to due process and equal protection as guaranteed by the Fourteenth Amendment of the United States Constitution and other applicable law, in that, among other things, neither California Civil Code Section 3294 nor any other allegedly applicable provision of state substantive law provides for (1) an adequate or meaningful standard for determining the nature of the conduct upon which an award of punitive damages may be based or for determining or reviewing the amount of a punitive damage award; (2) adequate procedural safeguards for the imposition of punitive damages upon the presentation of evidence beyond a reasonable doubt; or (3) unanimity of jurors as to the punitive damage portion of any adverse verdict or judgment.

11. That plaintiffs' complaint, and each cause of action therein, fails to state facts

4

KARREN HENDRIX STAGG ALLEN &
COMPANY, P.C.  ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

1    sufficient to constitute a cause of action for attorney's fees against this answering

2    defendant.

3  12.    That plaintiffs' complaint, and each cause of action therein, is barred by the doctrine

4    of laches.

5  13.    That plaintiffs' complaint, and each cause of action therein, is barred by the doctrine

6    of unclean hands.

7  14.    That plaintiffs, by their conduct, have waived their rights under each alleged

8    contract or agreement.

9  15.    That plaintiffs, by their conduct, are estopped to enforce the provisions of each

10    alleged contract or agreement.

11  16.    That plaintiffs' complaint, and each cause of action therein, fails to state facts

12    sufficient to constitute a cause of action for breach of contract on the grounds that

13    the alleged agreement(s) are unenforceable under the provisions of <u>Civil Code</u>

14    Section 1624.

15  17.    That plaintiffs' claims are barred in that the conduct of this answering defendant was

16    at all times reasonable, privileged, and in good faith under the circumstances.

17  18.    That plaintiffs' claims are barred by the doctrine of consent.

18  19.    That plaintiffs' claims for damages and all other relief are barred by the doctrine of

19    acquiescence.

20  20.    That by conduct, representations and omissions, plaintiffs have waived, relinquished

21    and/or abandoned, and are equitably estopped to assert, any claim for relief against

22    this answering defendant respecting the matters that are the subject of the

23    complaint.

24  21.    That plaintiffs' claims for damages and all other relief are barred because defendant

25    substantially performed the contract or contracts alleged in the complaint, or any

26    contract there may have been.

27  22.    That plaintiffs' claims for damages and all other relief are barred because defendant

28

5

1    fully performed all terms and conditions of the contract or contracts alleged in the

2    complaint, or any contract there may have been.

3    23.    That plaintiffs' claims for damages and all other relief are barred because

4    performance of the contract or contracts alleged herein has become impossible or

5    totally impracticable through no fault of this defendant and, accordingly, plaintiffs'

6    claim is without merit.

7    24.    That plaintiffs did not exercise ordinary care, caution and prudence in connection

8    with the transactions and events that are alleged in the complaint; plaintiffs' lack of

9    care, caution and prudence were independent and unrelated to the actions, if any, of

10    this answering defendant.  Moreover, plaintiffs directed, ordered, approved and/or

11    ratified the alleged wrongful acts set forth in the complaint.  Plaintiffs are therefore

12    barred from recovery against this answering defendant, or, alternatively, plaintiff's

13    recovery, if any, should be proportionately reduced.

14    25.    That through no fault of the defendant, the purposes of the contract or contracts

15    alleged herein have been fundamentally frustrated and defeated, and accordingly,

16    plaintiffs' claim is without merit.

17    26.    That the complaint and any recovery thereunder is barred by reason of the

18    provisions of sections 1567, 1576, 1577 and 1578 of the Civil Code and related law

19    regarding mistake of fact and law.

20    27.    That plaintiffs are barred from recovering any damages or other relief by reason of

21    failure of consideration that defeats the effectiveness of the contract or contracts

22    alleged between the parties.

23    28.    That plaintiffs are barred from recovering any damages or other relief by reason of

24    the lack or inadequacy of consideration that defeats the effectiveness of the contract

25    or contracts alleged between the parties.

26    29.    That any and all conduct of which plaintiffs complain which is attributable to this

27    answering defendant, or its agents or employees, was a just and proper exercise of

28

6

KARREN HENDRIX STAGG ALLEN &
COMPANY, P.C.  ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

1    management discretion or business judgment, which under the circumstances then

2    existing was undertaken for fair and honest reasons, in good faith.

3    30.    That plaintiffs acknowledged, ratified, consented to and/or acquiesced in the alleged

4    acts or omissions attributed to this answering defendant herein, barring plaintiffs

5    from any relief based on said alleged acts or omissions.

6    31.    That plaintiffs' complaint and each cause of action therein is barred in that this

7    answering defendant owed no duty to plaintiffs as alleged herein.

8    32.    That plaintiffs have failed to exhaust all administrative remedies required by law

9    before filing this complaint, and therefore the complaint, and each cause of action

10    thereof, is barred.

11    This answering defendant has insufficient knowledge or information on which to

12    form a belief as to whether it may have additional, as yet unstated affirmative defenses

13    available, and therefore this answering defendant reserves the right to assert additional

14    affirmative defenses in the event subsequent knowledge or information indicates such

15    defenses may be available or appropriate.

16    WHEREFORE, this answering defendant prays that plaintiffs take nothing by their

17    complaint, and for recovery of costs of suit incurred herein, and for such other and further

18    relief as the court deems proper.

19                          **DEMAND FOR JURY TRIAL**

20    Defendant KARREN HENDRIX STAGG ALLEN & COMPANY, P.C. hereby

21    demands a jury trial.

22    DATED:    August 3, 2007

23                                    FARBSTEIN & BLACKMAN
                                      A Professional Corporation
24

25    By _____
                                      JOHN S. BLACKMAN
26                                    Attorneys for Defendant
                                      KARREN HENDRIX STAGG
27                                    ALLEN & COMPANY, P.C.

28

                                      7

                                      _____
                                      KARREN HENDRIX STAGG ALLEN &
                                      COMPANY, P.C. ANSWER TO COMPLAINT;
                                      DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**
**Raifman Family Trust v. ClassicStar, LLC, et al.**
**USDC Northern District of California, Case No. C-07-2552 MJJ**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is 411 Borel Avenue, Suite 425, San Mateo, California 94402-3518. On August 3, 2007, I served the following document(s):

KARREN HENDRIX, STAGG, ALLEN & COMPANY, P.C.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

on the following person(s) by the method(s) indicated below:

| | |
|---|---|
| Richard J. Idell, Esq.<br>Idell & Seitel, LLP<br>Merchants Exchange Building<br>465 California Street, Suite 300<br>San Francisco, CA 94104 | Attorneys for Plaintiffs<br>Tel: (415)986-2400<br>Fax: 1-415-392-9259<br>email: richard.idell@idellseitel.com |
| Vanessa Avril Imberg, Esq.<br>Stoel Rives LLP<br>111 Sutter Street, Suite 700<br>San Francisco, CA 94104 | Attorneys for Defendant Strategic Opportunity Solutions, LLC, dba Buffalo Ranch<br>Tel: 415-617-8993<br>Fax: 415-676-3000<br>Email: vaimberg@stoel.com |
| Fred M. Blum, Esq.<br>Bassi Martini Edlin & Blum LLP<br>351 California Street, Suite 200<br>San Francisco, CA 94104 | Attorneys for defendant Classicstar Farms, LLC<br>Tel: (415) 397-9006<br>email: fblum@bmeblaw.com |
| Edward Charles Duckers, Esq.<br>Stoel Rives LLP<br>111 Sutter Street, Suite 700<br>San Francisco, CA 94104 | Attorneys for defendant Spencer D. Plummer, III<br>Tel: (415) 617-8900<br>email: ECDuckers@stoel.com |
| Ronald Sim, Esq.<br>Jason Crowell, Esq.<br>Stoel Rives LLP<br>600 University Street, Suite 3600<br>Seattle, WA 98101 | Attorneys for Defendants Strategic Opportunity Solutions, LLC, dba Buffalo Ranch and Spencer D. Plummer, III<br>Sim Tel: 206-386-7592<br>Crowell Tel: 206-386-7526<br>FAX: 206-386-7500 |

[  ]    by transmitting via facsimile on this date from fax number (650) 554-6240 the document(s) listed above to the fax number(s) set forth herein. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report is attached to this proof of service. Service by fax was made by agreement of the parties confirmed in writing.

[X]    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, for deposit in the United States mail at San Mateo, California addressed as set forth herein. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with

8

KARREN HENDRIX STAGG ALLEN &
COMPANY, P.C. ANSWER TO COMPLAINT;
DEMAND FOR JURY TRIAL

1    the U.S. Postal Service on that same day, with postage thereon fully prepaid in the
     ordinary course of business.

2

[ ]    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
3      delivery of the envelope(s) to the person(s) at the address(es) set forth herein. Signed
       proof of service by the process server or delivery service is attached to this proof of
4      service.

5    [ ]    by personally delivering the document(s) listed above to the person(s) at the
            address(es) set forth herein.
6

[ ]    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
7      express mail service for guaranteed delivery on the next business day following the date
       of consignment to the address(es) set forth herein. A copy of the consignment slip is
8      attached to this proof of service.

9    [X]    by transmitting the document(s) listed above via the Court's ECF system to the persons
            at the email address(es) set forth herein.
10

         I declare under penalty of perjury under the laws of the United States and the State of
11   California that the above is true and correct. Executed at San Mateo, California, on August
     3, 2007.
12
                                                      _Suzanne Farbstein_
13                                                    SUZANNE T. FARBSTEIN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                9
                                                _____
                                                KARREN HENDRIX STAGG ALLEN &
                                                COMPANY, P.C.  ANSWER TO COMPLAINT;
                                                DEMAND FOR JURY TRIAL