RICHARD J. IDELL, ESQ. (SBN 069033)
ORY SANDEL, ESQ. (SBN 233204)
ELIZABETH J. REST, ESQ. (SBN 244756)
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Telephone: (415) 986-2400
Facsimile: (415) 392-9259

Attorneys for Plaintiffs Gregory R. Raifman and
Susan Raifman, individually and as Trustees for the
Raifman Family Revocable Trust Dated 7/2/03,
and Gekko Holdings, LLC, an Alaska
limited liability company, dba Gekko Breeding and Racing

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R. RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, SUSAN RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, and GEKKO HOLDINGS, LLC, an Alaska limited liability company, dba GEKKO BREEDING AND RACING,<br><br>Plaintiffs,<br><br>v.<br><br>CLASSICSTAR, LLC, a Utah limited liability company, CLASSICSTAR FARMS, LLC, a Kentucky limited liability company, BUFFALO RANCH, a business entity form unknown, GEOSTAR CORPORATION, a Delaware corporation, S. DAVID PLUMMER, SPENCER D. PLUMMER III, TONY FERGUSON, THOMAS ROBINSON, JOHN PARROT, HANDLER, THAYER & DUGGAN, LLC, an Illinois Limited Liability Company, THOMAS J. HANDLER, KARREN, HENDRIX, STAGG, ALLEN & COMPANY, P.C., a Utah professional corporation f/k/a KARREN, HENDRIX & ASSOCIATES, P.C., a Utah professional corporation, TERRY L. GREEN, and DOES 1-1000 inclusive,<br><br>Defendants. | CASE NO. C 07-02552 MJJ<br><br>**OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>**Date:** August 28, 2007<br>**Time:** 9:30 a.m.<br>**Place:** 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom 11<br>**Complaint Filed:** May 14, 2007<br><br>The Honorable Martin J. Jenkins |

1

COMES NOW, Plaintiffs, GREGORY R. RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, SUSAN RAIFMAN, individually and as Trustee of the RAIFMAN FAMILY REVOCABLE TRUST DATED 7/2/03, and GEKKO HOLDINGS, LLC, an Alaska limited liability company, (collectively referred to herein as "Plaintiffs"), by its attorneys IDELL & SEITEL LLP, and file this Opposition to the Motion to Set Aside Default [FRCP 55(c)] filed by Defendant HANDLER, THAYER & DUGGAN, LLC ("HANDLER FIRM") and THOMAS J. HANDLER, J.D., P.C. (erroneously sued as THOMAS J. HANDLER, individually) ("HANDLER") (when not individually referred to, HANDLER FIRM and HANDLER will be collectively referred to as "Defendants"):

## INTRODUCTION

On May 14, 2007, Plaintiffs filed their Complaint in the United States District Court, Northern District of California naming, among other Defendants, Defendant HANDLER, THAYER & DUGGAN, LLC ("HANDLER FIRM") and Defendant THOMAS J. HANDLER, J.D., P.C. (erroneously sued as THOMAS J. HANDLER, individually) ("HANDLER"). Pursuant to F.R.C.P. 4(e) and California Code of Civil Procedure § 413.10, on May 24, 2007, Plaintiff caused the Complaint and Summons to be properly personally served on Defendants as follows:

   a. On behalf of Defendant HANDLER, THAYER & DUGGAN, LLC, an Illinois Limited Liability Company, Thomas Handler, Partner of HANDLER, THAYER & DUGGAN, LLC, an Illinois Limited Liability Company, located at 191 N. Wacker Drive, 23rd Floor, Chicago, Illinois 60606, was personally served. This service is evidenced by the proof of service of Summons on file with this Court and attached as Exhibit "A" to the Declaration of Richard J. Idell ("RJI Dec.") filed herewith.

   b. Defendant THOMAS J. HANDLER was personally served at 191 N. Wacker Drive, 23rd Floor, Chicago, Illinois 60606. This service is evidenced by the proof of service of Summons on file with this Court and attached as Exhibit "B" to the RJI Dec. filed herewith.

Pursuant to F.R.C.P. 12(a)(1)(A) and F.R.C.P. 6(a) and 6(e), Defendants had twenty (20) days from the date of service, or until June 13, 2007, to file a response to the Complaint. The time allowed

by law for said Defendants to respond to the Complaint expired on June 13, 2007. RJI Dec. ¶ 5.

On July 9, 2007, Plaintiffs filed a Request for Entry of Default. RJI Dec. ¶ 6. On July 11, 2007, the Clerk of the above-entitled Court entered Default against Defendants HANDLER FIRM and HANDLER. RJI Dec. ¶ 7. That same day, July 11, 2007, Plaintiffs filed a Notice of Entry of Default and served it on all parties to the action, including HANDLER FIRM and HANDLER. RJI Dec. ¶ 7.

Plaintiffs heard nothing from Defendants between May 24, 2007, when they were served, and July 13, 2007, when Mr. Drath, Defendants' counsel, sent Plaintiffs' counsel a letter confirming receipt of the Notice of Entry of Default and notifying Plaintiffs that he would be filing a Motion to Set Aside the Default. RJI Dec. ¶ 8; Exhibit "C" to RJI Dec.

On July 23, 2007, HANDLER FIRM and HANDLER filed their Motion to Set Aside Default, which Plaintiffs herein oppose.

## ARGUMENT

A. Standard to Set Aside Default Under F.R.C.P. Rule 55 (c)

For purpose of evaluating a Motion to Set Aside Default under Federal Rules of Federal Procedure Rule 55(c), the federal Courts may set aside an entry of default "for good cause shown." F.R.C.P. Rule 55(c). In determining what constitutes "good cause" to vacate an entry of default under Rule 55(c), the Ninth Circuit applies the same standards that govern vacating default judgments under Rule 60(b). *Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) ("*Franchise Holding II*") (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). The good cause analysis, as applied to the facts of this Motion, considers three factors: (1) whether HANDLER and/or HANDLER FIRM engaged in culpable conduct that led to the default; (2) whether HANDLER FIRM and HANDLER have a meritorious defense; or (3) whether reopening the default would prejudice Plaintiffs. *Franchise Holding II, supra* at 926 (emphasis added). These factors are disjunctive, meaning the District Court has the authority to deny the Motion to set aside the default if any of the three factors is true. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (emphasis added).

//
//

B.  **Defendants HANDLER FIRM and HANDLER Have Failed to Meet the Burden of Good Cause to Set Aside the Defaults Entered Against Them**

HANDLER FIRM and HANDLER bear the burden of showing that any of the above-listed factors favor setting aside the defaults. *Franchise Holding II, supra* at 926. Defendants have not met their burden. HANDLER FIRM and HANDLER have failed to show there is good cause for setting aside the defaults entered against them. The Motion to Set Aside Default should be denied.

1.  **HANDLER FIRM and HANDLER's Culpable Conduct**

If a Defendant, especially one who is an attorney, has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988) ("*Direct Mail*"). In *Direct Mail*, the Defendant, an attorney, had actual notice of the Summons and Complaint a day after it was served. *Id.* The Court held that because the Defendant was a lawyer, and was therefore presumably well aware of the dangers of ignoring service of process, the Defendant's failure to file a timely answer qualified as culpable conduct. *Id.*

Similarly, here, HANDLER is a licensed attorney in the state of Illinois and is a named partner and the managing principal in the HANDLER FIRM. The HANDLER FIRM is a law firm in the city of Chicago, in the state of Illinois. Thus, Defendants themselves were presumably well aware of the dangers of ignoring service. Moreover, when the Summons and Complaint was received by the carrier, he too should have been aware of the dangers of ignoring service. Indeed, it appears that the carrier took no steps to ascertain the status of service on the matter. Then, when appointed counsel, Mr. Drath, received the Summons and Complaint, as defense counsel, he also was presumably well aware of the dangers of ignoring service. Nevertheless, no action was taken by Defendants, the carrier or Defendants' counsel to ascertain when or by what means service was made. In fact, no attempt was made by Defendants or Defendants' counsel to contact Plaintiffs' attorney until after the Notice of Default was served on July 11, 2007 – a full two months after service on Defendants was completed.

Because Defendants and Defendants' counsel had actual notice of the filing of the action and failed to timely answer, their failure qualifies as culpable conduct and their Motion to Set Aside Default should be denied. *Direct Mail, supra* at 690.

2.  **HANDLER FIRM and HANDLER's Mistake of Fact Was Not Reasonable**

Although relief from a default may be granted on the showing of a mistake of fact by a party or attorney (*E.g., Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)) the mistake must be reasonable under the circumstances. *See, Direct Mail, supra* at 690.

HANDLER and HANDLER FIRM were <u>personally</u> served with the Summons and Complaint on May 24, 2007. RJI Dec. ¶ 4. They were <u>not</u> served by mail. The proofs of service are attached to the RJI Dec. as Exhibits "A" and "B." According to the Declaration of HANDLER, "within 24 hours" of service he forwarded the Summons and Complaint to his insurance carrier via Federal Express. He then "gave the matter no further thought, assuming that the matter was being handled by defense counsel." Declaration of Thomas J. Handler in Support of Motion to Set Aside Default ("Handler Dec.") ¶ 2.

According to the Declaration of Scott Stains, a claims representative with HANDLER and HANDLER FIRM's insurance company, because the letter received from HANDLER said that the firm had "received" the Summons Mr. Stains "assumed the summons and complaint had been mailed to the insured." Declaration of Scott Stains in Support of Motion to Set Aside Default ("Stains Dec.") ¶ 2. There was no basis for this assumption. Mr. Stains further "assumed" that "since HANDLER was not a litigation attorney, [HANDLER] did not appreciate that mailing a complaint to a defendant did not constitute service." Memorandum of Points and Authorities in Support of Motion to Set Aside Default ("MP&A") pg. 7. This "excuse" makes no sense since the Summons and Complaint were personally served, and not mailed. Thus, this clearly is not a reasonable excuse. Regardless of the type of law an attorney practices, the basic rules of service of process should be embedded in all attorneys' minds while attending law school and studying for Bar exams. As held in *Direct Mail*, Defendants, as lawyers, were "presumably well aware of the dangers of ignoring service of process." *Direct Mail, supra* at 690.

On July 5, 2007, Mr. Stains sent a letter to attorney John Drath and did not reference service "as it was still [his] belief that no service had been effected." Stains Dec. ¶ 4. There was no basis for this belief either. Mr. Drath, attorney for HANDLER FIRM and HANDLER had his paralegal check PACER, the Court's online case docket, and seeing no reference to any deadlines, no further action

5

was taken. MP&A pg. 2. No reasonable effort was made to ascertain the date or method of service. There is no basis given for the belief or assumption of the paralegal. In fact, Defendants' Memorandum of Points and Authorities states that Mr. Drath's paralegal "should have made" inquiries herself regarding service. MP&A pg. 7. No further action was taken by Defendants until July 12, 2007, when Mr. Drath learned that defaults had been taken against his clients. MP&A pg. 3.

Defendants HANDLER FIRM and HANDLER were properly personally served on May 24, 2007. RJI Dec. ¶ 4. Although Defendants argue that they have sought timely relief from the default, the fact remains that two (2) entire months elapsed from the date of service and the date of Defendants' filing of their Motion to Set Aside Default. Numerous times in Defendants' moving papers it is argued that it was "erroneously" believed HANDLER FIRM and HANDLER had received the Summons and Complaint through the mail. *E.g.*, MP&A pgs. 2, 7. However, there is no basis for this belief or assumption. At no time during these two months did the HANDLER FIRM, HANDLER, the claims representative or the insurance-appointed attorney for Defendants contact Plaintiffs' attorneys to determine whether, by what means, or when service was made, even though they all knew who Plaintiffs' counsel were.

The Defendants' claim that the failure to file a response in this case "was due to a series of mistaken assumptions on the part of defendant, his insurance carrier and appointed counsel." MP&A pg. 8. Defendants argue that these actions constitute both mistakes of fact and excusable neglect. *Id.* However, by erroneously assuming Defendants had received the Summons and Complaint by mail, rather than by personal service of process, and taking no action to clarify this issue, Defendants' mistakes are not reasonable under the circumstances and do not constitute excusable neglect. It appears that the Defendants, the carrier and the defense attorney all turned a bind eye to the matter. Indeed, Defendants admit in their moving papers that defense counsel "should have directed that specific inquiries be made as to the fact of service." MP&A pg. 7.

Defendants' mistake was not reasonable under the circumstances and thus relief from the defaults entered against them should not be granted.

//
//

6

OPPOSITION TO MOTION TO SET ASIDE DEFAULT
CASE NO. C 07-02552 MJJ

### C. The District Court has the Discretion and Authority to Deny a Motion to Set Aside Default if **Any** of the Three Factors is True

As stated above, the good cause analysis, as applied to the facts of this Motion, considers: (1) whether HANDLER and/or HANDLER FIRM engaged in culpable conduct that led to the default; (2) whether HANDLER FIRM and HANDLER have a meritorious defense; <u>or</u> (3) whether reopening the default would prejudice Plaintiffs. *Franchise Holding II, supra* at 925 (*citing TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)) (emphasis added). As these factors are disjunctive, the District Court has the authority to deny the Motion to set aside the default if <u>any</u> of the three factors is true. *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (emphasis added).

The *Direct Mail* case, discussed above, is precisely on point. Like in *Direct Mail*, Plaintiffs herein have demonstrated that HANDLER and HANDLER FIRM engaged in culpable conduct that led to the taking of their defaults. *See, Direct Mail, supra* at 690. Also like in *Direct Mail*, Defendants, their insurance carrier, and their defense counsel had actual notice of the filing of the action and failed to timely respond. *See, id.* (holding that if a Defendant has received actual or constructive notice of the filing of the action and failed to answer, its conduct is culpable). Thus, since the test is disjunctive, and since Plaintiffs have demonstrated that Defendants' conduct is culpable, Plaintiffs refrain from arguing the merits of the other two factors of the test. The Ninth Circuit in *Direct Mail* similarly found no "need not consider" the other two "factors because . . . the Defendants' culpable conduct was responsible for the entry" of the defaults. *Id.*

The District Court has the discretion and authority to deny the Motion to Set Aside the Defendants' Defaults, and Plaintiffs respectfully request their Motion be denied.

//
//
//
//
//
//

7

## CONCLUSION

Defendants HANDLER FIRM and HANDLER have not met their burden of demonstrating "good cause" to set aside the defaults entered against them. For all the reasons set forth herein, it is respectfully requested that this Court deny in its entirety the Motion to Set Aside Default [FRCP 55(c)] filed by Defendant HANDLER, THAYER & DUGGAN, LLC and THOMAS J. HANDLER, J.D., P.C., (erroneously sued as THOMAS J. HANDLER, individually).

IDELL & SEITEL LLP

Dated: August 7, 2007         By: _____
Richard J. Idell
Ory Sandel
Elizabeth J. Rest
Attorneys for Plaintiffs Gregory R. Raifman and Susan Raifman, individually and as Trustees for the Raifman Family Revocable Trust Dated 7/2/03, and Gekko Holdings, LLC, an Alaska limited liability company, dba Gekko Breeding and Racing

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Idell & Seitel LLP 465 California Street, Suite 300, San Francisco, California 94104.

On August 7, 2007, I served the following document(s):

PLAINTIFFS' OPPOSITION TO MOTION TO SET ASIDE DEFAULT

☒ by regular **UNITED STATES MAIL** by placing a true and correct copy in a sealed envelope addressed as shown below. I am readily familiar with the practice of Idell & Seitel LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

☒ by **ELECTRONIC MAIL.** As this case is subject to the United States District Court for the Northern District of California ECF program, pursuant to General Rule 45, upon the filing of the above-entitled document(s) an automatically generated e-mail message was generated by the Court's electronic filing system and sent to the address(es) shown below and constitutes service on the receiving party.

John S. Blackman, Esq.
Farbstein & Blackman, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402
Fax: 650-554-6240
Email: jsb@farbstein.com
*Attorney for Terry Green & Karren, Hendrix, Stagg, Allen & Company, P.C.*

Edward C. Duckers, Esq.
Vanessa A. Imberg, Esq.
Stoel Rives LLP
111 Sutter Street, Suite 700
San Francisco, CA 94104
Fax: 415-676-3000
Email: ecduckers@stoel.com
vaimberg@stoel.com
*Attorneys for Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch & Spencer D. Plummer, III*

Fred S. Blum, Esq.
Robert S. Kraft, Esq.
Bassi, Martini, Edlin & Blum LLP
351 California Street, Suite 200
San Francisco, CA 94104
Fax: 415-397-1339
Email: fblum@bmeblaw.com
rkraft@bmeblaw.com

J. Ronald Sim
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Fax: 206-386-7500
Email: jrsim@stoel.com
*Attorney for Strategic Opportunity Solutions, LLC d/b/a Buffalo Ranch & Spencer D*

| | |
|---|---|
| Attorneys for ClassicStar, LLC, ClassicStar Farms, LLC, GeoStar Corporation, Tony Ferguson, Thomas Robinson and John Parrot | Plummer, III |

John M. Drath, Esq.
Drath, Clifford, Murphy & Hagen, LLP
1999 Harrison Street, Suite 700
Oakland, CA 94612-3517
Fax: 510-287-4050
Email: jdrath@drathlaw.com
*Attorney for Handler, Thayer & Duggan, LLC and Thomas J. Handler, J.D., P.C.*

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and I executed this declaration at San Francisco, California.

_____
Suzanne Slavens

PROOF OF SERVICE