1  DRATH, CLIFFORD, MURPHY & HAGEN, LLP
   JOHN M. DRATH (State Bar No. 045031)
2  1999 Harrison Street, Suite 700
   Oakland, California 94612-3517
3  Telephone: (510) 287-4000
   Facsimile: (510) 287-4050
4
   Attorneys for Defendants
5  HANDLER, THAYER & DUGGAN, LLC and
   THOMAS J. HANDLER J.D., P.C. (erroneously sued
6  herein as THOMAS J. HANDLER, individually)

7

8
                    UNITED STATES DISTRICT COURT
9
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

11

12

13 GREGORY R. RAIFMAN, individually and as        )   No. C07-2552 EDL
   Trustee of the RAIFMAN FAMILY REVOCABLE         )
   TRUST DATED 7/2/03; SUSAN RAIFMAN,              )
14 individually and as Trustee of the RAIFMAN     )
   FAMILY REVOCABLE TRUST DATED 7/2/03;            )
15 and GEKKO HOLDINGS, LLC, an Alaskan limited    )
   liability company, dba GEKKO BREEDING AND       )
16 RACING,                                         )
                                                   )
                                                   )   REPLY MEMORANDUM OF
17            Plaintiffs,                          )   POINTS AND AUTHORITIES IN
                                                   )   SUPPORT OF MOTION TO SET
18     vs.                                         )   ASIDE DEFAULT [FRCP 55(c)]
                                                   )
19 CLASSICSTAR, LLC, a Utah limited liability     )
   company; CLASSICSTAR FARMS, LLC, a              )
20 Kentucky limited liability company; BUFFALO    )
   RANCH, a business entity form unknown;          )
21 GEOSTAR CORPORATION, a Delaware                )
   corporation; S. DAVID PLUMMER; SPENCER D.      )
22 PLUMMER, III; TONY FERGUSON; THOMAS            )
   ROBINSON/ JOHN PARROT; HANDLER,                )
23 THAYER & DUGGAN, LLC, an Illinois limited     )
   liability company; THOMAS J. HANDLER;          )
24 KARREN, HENDRIX, STAGG, ALLEN &                )
   COMPANY, P.C., a Utah professional corporation,)
25 f/k/a/ KARREN, HENDRIX &                       )
   ASSOCIATES, P.C., a Utah professional          )
26 corporation; TERRY L. GREEN; and DOES          )
   1-1000, inclusive,                              )
27                                                 )   DATE       : 08/28/07
              Defendants.                          )   TIME       : 9:30 a.m.
28 _____)   COURTROOM  : 11

**REPLY**

**A. DEFENDANTS' CONDUCT WAS NOT "CULPABLE"**

In their opposition, Plaintiffs do not challenge that HANDLER's and HDT's assertions that they have a meritorious defense, nor do they assert that setting aside the default would in any way be prejudicial. Rather, their opposition is limited to the assertion that the defendants engaged in culpable conduct which led to the entry of default. Upon a showing of culpability, a court may (but is not required to) deny relief from default. Plaintiffs cite *Direct Mail Specialists, Inc. v. Eclat Computerized Techs, Inc.*, (9th Circ. 1988) 840 F.2d 685 in support, describing it as "precisely on point" (Opposition Brief, 7:11). Aside from the fact that the president of the defendant corporation in that case was an attorney, that case bears no factual resemblance whatsoever to the matter at hand.

In *Direct Mail*, supra, the plaintiff claimed the defendant owed approximately $18,000 for services rendered. The defendant claimed another company was responsible for the debt. The plaintiff brought suit and had the summons and complaint served on the receptionist at defendant's offices. The following day, the defendant's president contacted the plaintiff complaining about the service of the lawsuit and was "verbally abusive." The defendant took no action to defend the litigation. Twenty-five days later, the defendant filed a request for entry of default. The defendant took no action. Four days later, a default judgment was entered. Still the defendant took no action. Two months later, the plaintiff levied on the defendant's bank account, and six days later the defendant moved to quash service and set aside the default. The defendant's basis for setting aside the default was "surprise" and fraud on the part of the plaintiff, at 840 F.2d 690. Noting that the defendant *ignored* the service of process, the court found the conduct culpable, at 690, citing *Meadows v. Dominican Republic,* 817 F.2d 517, 521 (9th Cir 1987.), *cert. denied,*--- U.S. ----, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987); and *Pena v. Seguros la Comercial, S.A.,* 770 F.2d 811, 814 (9th Cir.1985)

In *Meadows*, supra, the court found that the defendant had actual knowledge of the service of process and *intentionally declined to answer* (at 817 F.2d 521). In *Pena,* supra, the defendant provided the Arizona Department of Insurance with an incorrect address, thus preventing

actual notice of service of process. This conduct was found to be culpable (at 770 F.2d 815) and the defendant was held liable for a $18,000 judgment. Also cited in *Meadows* was *Benny v. Pipes* (9th Circ. 1986) 799 F.2d 489, which upheld a judgment for $2,000 against prison guards who reacted to service of process by crumbling up the papers and throwing them in the trash. Thereafter they sought and received two enlargements of time from the court, failed to answer and *offered no excuse for not answering*, choosing instead to argue that service of process be prisoners was ineffective (it was not).

It is evident from these decisions that merely having actual or constructive knowledge of service, standing alone, does not constitute culpable conduct, but rather it is the *decision* not to respond to the complaint in the face of that knowledge that makes the conduct culpable, or, in the case of the defendant in *Pena*, it was the provision of false information to the Department of Insurance that constituted the culpable conduct. Subsequent case law bears this out. A defendant's conduct is "culpable" only if he has received actual or constructive notice of the lawsuit and *intentionally* fails to respond. *TCI Group Life Ins. Plan v. Knoebber* (9th Cir. 2001) 244 F3d 691, 697. "Intentional" means conduct which is "willful, deliberate or evidence of bad faith." *TCI Group Life Ins.*, supra, at 690, citing *American Alliance Insurance Co. v. Eagle Insurance* (9th Circ. 1996) 92 F.3d 57, 61.

HANDLER did not ignore the summons and complaint. He did what he should have done, namely forward it immediately to the firm's liability insurer. He was then advised by the insurer that (1) they received the summons and complaint, and (2) had assigned defense counsel. Clearly he evidenced an intent to defend the action, and no action on his part "led" to the entry of default. Reliance upon counsel was considered "excusable neglect" in *Butner v. Neustadter* (9th Circ. 1963) 324 F.2d 783, 786-787.

Nor was there any intent on the part of the insurer to ignore the matter. STAINS promptly retained outside counsel, but due to his mistaken belief that service had not yet been made, did not forward a copy of the complaint immediately, and did not advise defense counsel that service had been made. The summons which was served on HANDLER and which was forwarded to STAINS did not reflect that service had been made. Similarly, defense counsel evidenced no intent

to ignore the matter, instructing his paralegal to go on line and check for deadlines. He was not advised by anyone that service had been made. The fact that he took no steps to verify that service had not been effected would, at most, constitute negligence, not a wilful or deliberate act, or one made in bad faith..

These omissions of defendants, which plaintiffs characterize as "unreasonable"(see *infra)*, are excusable, non-culpable actions indistinguishable in kind from those found in *999 v. Cox & Co.* (ED MO 1983) 574 F. Supp. 1026 and *Williams v. Campbell Chrysler-Dodge, Inc.* (ED TN 1982) 96 FRD 547. As such, they would fall into the category of excusable neglect. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 US 380, 394.

### B. DEFENDANTS' CONDUCT WAS "REASONABLE"

Plaintiff additionally opposes the motion on the grounds that the defendants' mistakes of fact were not "reasonable", citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs, Inc.*, supra, at 840 F.2d 690 for the proposition that such a showing is required. In fact, *Direct Mail* contains no such statement on page 690 or on any other page. The defendant in *Direct Mail* was not seeking relief based on a mistake of fact, and there was no discussion as to the criteria needed to make such a showing. The reference to "reasonableness" appears to derive from The Rutter Group, *California Practice Guide, Federal Civil Procedure Before Trial*, Ch. 6-E, 6:158, which provides:

> (b) [6:158] **Reasonableness:** The mistake of fact must be reasonable under the circumstances. This usually turns on the *justifiability* of defendant's failure to ascertain the correct facts. Relief will not be granted where the failure to respond reflects the conscious desire to avoid defending the suit.

Thus, the concept of "reasonableness" is akin to "culpability" in that there need be evidence of a desire to avoid defending the suit or otherwise subvert the judicial process. A showing of an absence of culpability sufficient to meet the Rule 55(c) "good cause" standard is ordinarily sufficient to show "excusable neglect" and "mistake" under the criteria of Rule 60(b)(1), and there is no reason to require that those criteria be established separately. *TCI Group Life Insurance*, supra, at 696; *Meadows v. Dominican Republic*, supra, at 817 F.2d 521. When ruling on motions to set aside a default under Rule 55(c), District Courts are permitted to consider and liberally interpret the standards for granting relief from default judgments under Rule 60(b)(1). *Hawaii Carpenters Trust*

*Fund v. Stone* (9th Circ. 1986) 794 F.2d 508, 513.

The omissions of defendants which plaintiffs characterize (and criticize) as "unreasonable", are omissions of neglect, not design. As such, they are grounds for relief. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 US 380, 394.

Judgment by default is a drastic step appropriate only in extreme circumstances. *Falk v. Allen* (9th Circ. 1984) 739 F.2d 461, 463. Where a defendant seeks timely relief from the default judgment and has a meritorious defense, doubts should be resolved in favor of granting the motion to set aside the judgment. *Schwab v. Bullock's, Inc.* (9th Cir., 1974) 508 F.2d 353, 355. While in this case several individuals knew of the existence of the lawsuit, each had a good faith albeit mistaken belief either that the complaint was being responded to (in the case of HANDLER and HTD), or that the suit had not yet been served (in the case of STAINS and defense counsel). No motive is suggested, nor could one be conceived, for any of these individuals to have intentionally failed to respond to the complaint or to defend the litigation.

## CONCLUSION

The defendants have demonstrated a meritorious defense to a claim which amounts to several million dollars, and the plaintiffs have not alleged, nor could they allege any prejudice which would flow from granting this motion. Culpability has not been shown, and any doubts as to that issue must be resolved in favor of granting the relief. *Schwab v. Bullock's, Inc.*, supra, at 508 F.2d 353, 355. Equity and fairness call for relief under these circumstances.

Respectfully submitted.

DATED: August 13, 2007

DRATH, CLIFFORD, MURPHY & HAGEN, LLP

By_____
JOHN M. DRATH
Attorneys for Defendants
HANDLER, THAYER & DUGGAN, LLC and
THOMAS J. HANDLER, J.D., P.C.

R:\7S\3043\F.Rmt001.jmd.wpd

# PROOF OF SERVICE

I, the undersigned, declare that I am over the age of eighteen (18) years and not a party to the within action.

My business address is 1999 Harrison Street, Suite 700, Oakland, California.

On August 13, 2007 I served the within the following documents REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT [FRCP 55(c)]on all interested parties in said action, addressed as follows.

RICHARD J. IDELL, ESQ.
ORY SANDEL, ESQ.
ELIZABETH J. REST, ESQ
IDELL & SEITEL LLP
465 California Street, Suite 300
San Francisco, CA 94104
Phone: 415-986-1400
Fax: 415-392-9259
**Counsel for:** PLAINTIFFS GREGORY R. RAIFMAN AND SUSAN RAIFMAN, INDIVIDUALLY AND AS TRUSTEES FOR THE RAIFMAN FAMILY REVOCABLE TRUST DATE 7/2/03, and GEKKO HOLDINGS, LLC AN ALASKA LIMITED LIABILITY COMPANY, dba GEKKO BREEDING AND RACING

FRED S. BLUM, ESQ.
ROBERT S. KRAFT, ESQ.
Bassi, Martini, Edlin & Blum LLP
351 California Street, Suite 200
Fax: 415-397-1339
**Counsel for:** CLASSICSTAR, LLC, CLASSICSTAR FARMS, LLC, GEOSTAR CORPORATION, TONY FERGUSON, THOMAS ROBINSON and JOHN PARROT

JOHN S. BLACKMAN, ESQ.
Farbstein & Blackman, APC
411 Borel Avenue, Suite 425
San Mateo, CA 94402
Fax: 650-554-6240
**Counsel for:** TERRY GREEN & KARREN, HENDRIX, STAGG, ALLEN & COMPANY

EDWARD C. DUCKERS, ESQ
VANESSA A. IMBERG, ESG
Stole Rives LLP
111 Sutter Street, Suite 700
San Francisco, CA 94104
**Counsel for:** STRATEGIC OPPORTUNITY SOLUTIONS, LLC d/b/a/ BUFFALO RANCH & SPENCER D PLUMMER, III

J. RONALD SIM,
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Fax: 206-386-7500
**Counsel for:** STRATEGIC OPPORTUNITY SOLUTIONS, LLC d/b/a BUFFALO RANCH & SPENCER D PLUMMER, III

X_____MAIL: By placing a true copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Post Office in Oakland, California. I am readily familiar with the firm's practice of collection and processing correspondence/documents for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party or parties served that service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of depositing for mailing.

I declare under penalty of perjury, in accordance with the laws of the State of California, that the foregoing is true and correct. Executed on August 13, 2007, at Oakland, California.

_____
LISA L. BROWN