IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY R RAIFMAN, | No. C07-02552 MJJ |
| Plaintiff, | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT** |
| v. | |
| CLASSICSTAR, | |
| Defendant. | |

### INTRODUCTION

Before the Court is Defendants Handler, Thayer & Duggan LLC's and Thomas J. Handler's Motion To Set Aside Default. (Docket No. 29.) For the following reasons, the Court **GRANTS** the Motion.

### FACTUAL BACKGROUND

Plaintiffs filed their Complaint on May 14, 2007, naming, among other Defendants, Defendant Handler, Thayer & Duggan LLC, and Defendant Thomas J. Handler J.D., P.C. (erroneously sued as Thomas J. Handler, individually) (collectively "Moving Defendants"). On May 24, 2007, Plaintiff personally served the Moving Defendants. The Moving Defendants did not file a response to the Complaint by the June 13, 2007 deadline. On July 9, 2007, Plaintiffs filed a Request For Entry of Default. (Docket No. 20.) On July 11, 2007, the Clerk of this Court entered default against the Moving Defendants. (Docket No. 26.) On July 13, 2007, counsel for the Moving Defendants notified Plaintiffs' counsel that he would be filing a motion to set aside the

default. The Moving Defendants filed the instant Motion on July 23, 2007.

## LEGAL STANDARD

The Court may set aside an entry of default for good cause shown pursuant to Federal Rule of Civil Procedure 55(c). In determining what constitutes "good cause" to vacate an entry of default under Rule 55(c), the Ninth Circuit applies the same standards that govern vacating default judgment under Rule 60(b). *Franchise Holding II, LLC v. Huntington Res.'s Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). In this circuit, a trial court has discretion to deny a motion to vacate a default judgment if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the default was set aside. *Id.* at 925-26. This tripartite test is disjunctive. *Id.* Therefore, the Court is free to deny the motion if any one of the three factors are present. *Id.*

In cases where parties seek to set aside an entry of default, rather than a default judgment, the Court has especially broad discretion. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986). "Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id.* at 946 (quotations omitted).

## ANALYSIS

Two of the three factors relevant to determining whether to set aside entry of default are not in dispute here and support granting the Motion. The Moving Defendants have adequately shown, and Plaintiff does not contest for purposes of this motion, that the Moving Defendants have a meritorious defense to Plaintiff's claims with a *bona fide* chance of success. (Motion at 3:17-6:8; Handler Decl. ¶¶ 3-5; Duggan Decl., ¶¶ 2-4; Opposition at 7:17-18.) Likewise, the Moving Defendants have established, and Plaintiff does not contest, that no prejudice to Plaintiffs would result if the default were set aside. (Motion at 7:25-28; Opposition at 7:17-18.)

Plaintiffs aver, however, that the default should not be set aside because the Moving Defendants' conduct that led to entry of the default is culpable. The Moving Defendants counter that their failure to timely respond to the complaint was due to a mistake of fact on the part of the defendants themselves, and excusable neglect on the part of their counsel.

Having reviewed the declarations of Roberta C. Beach, Thomas J. Handler, Scott Stains, and John M. Drath (Docket Nos. 31, 33, 35 & 36), this Court finds that the Moving Defendants have adequately established that the failure to file a response in this case was due to a series of mistaken assumptions on the part of the defendant, his insurance carrier, and appointed counsel, together with excusable neglect on the part of defense counsel. In particular, these declarations indicate that Defendants Handler and Handler, Thayer & Duggan LLC were of the belief that their insurance carrier had assigned defense counsel and that a timely response to the complaint would be made. The declarations also establish that the liability insurer had assumed (erroneously) that the complaint had been sent by mail to the Moving Defendants, as is customarily done in legal malpractice actions. Finally, the declarations establish that defense counsel mistakenly believed that service had not been made, both because no mention of service was made by the insurer, and because defense counsel's paralegal did not come across any looming case deadlines when she investigated the case online.

The Court finds the conduct at issue constitutes a combination of good faith mistakes of fact, and excusable neglect. Neither rises to the level of culpable conduct. The actions of all of the individuals involved evidenced an intent to deal with and respond to the complaint, and there is no indication in the record that the default was willful or intentional. The Court therefore finds the actions of Moving Defendants and their agents here to be comparable to those that provided good cause to set aside default in *999 v. Cox & Co.*, 574 F. Supp. 1026, 1029 (E.D. Mo. 1983) and *Williams v. Campbell Chrysler-Dodge, Inc.*, 96 F.R.D. 547, 549 (E.D. Tenn. 1982). At worst, the failure to identify and respond to the relevant deadline for responding to the Complaint was attributable to negligence and qualifies, in this Court's view, as "excusable neglect" under the relevant standard. *See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993).

The Court disagrees with Plaintiffs that *Direct Mail Specialists, Inc. v. Eclat Computerized Techs, Inc.*, 840 F.2d 685 (9th Cir. 1988) mandates denial of the Motion. The facts here are clearly distinguishable from those in *Direct Mail*, where the Defendant was clearly aware that personal service had been effected yet offered no excuse or explanation for failing to timely respond. *Id.* at 687, 690. The Ninth Circuit has indicated that "a defendant's conduct is culpable if he has received

3

actual or constructive notice of the filing of the action and intentionally failed to answer", and that, in this context, "intentional" means conduct that is "willful, deliberate or evidence of bad faith." *TCI Group Life Ins. Plan v. Knoebber*, 344 F.3d 691, 697, 690 (9th Cir. 2001).   No evidence in the record indicates that the Moving Defendants or their agents were willful, deliberate, or acting in bad faith when they failed to timely respond to the Complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion.  The Court hereby **SETS ASIDE** the Clerk's Entry of Default entered on July 11, 2007 against Defendants Handler, Thayer & Duggan LLC and Thomas J. handler.  Said defendants **SHALL** file and serve their proposed Answer within seven (7) calendar days of entry of this Order.

**IT IS SO ORDERED.**

Dated:  8/16/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE