A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson at 9:03 am, Oct 19, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**ORIGINAL**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

9:03 am, Oct 19, 2007

FILED
CLERK'S OFFICE

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: CLASSICSTAR MARE LEASE
LITIGATION

MDL No. 1877

### TRANSFER ORDER

**Before the entire Panel**: Defendants ClassicStar, LLC (ClassicStar) and GeoStar Corp. (Geostar) have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Eastern District of Kentucky. Defendants Karren, Hendrix, Stagg, Allen & Co., Terry L. Green, and GaStar Energy, Ltd. (GaStar) support the motion. Plaintiffs in all actions and three defendants[1] in the Eastern District of Pennsylvania action oppose centralization.

This litigation currently consists of seven actions listed on Schedule A and pending in four districts as follows: three actions in the District of Utah and an action each in the Northern District of California, the Middle District of Florida, the Eastern District of Kentucky, and the Eastern District of Pennsylvania.[2] Moreover, bankruptcy proceedings involving ClassicStar are currently proceeding in the Eastern District of Kentucky.

The complexity of the many facets to this litigation presents a real challenge for us in deciding whether centralization is the best approach here. On the basis of the papers and hearing arguments, we find that these seven actions do share common factual questions regarding ClassicStar's mare lease program – investors were offered the opportunity to lease a breeding season of a thoroughbred mare, which would then be bred to a thoroughbred stallion, and the investor would receive the resulting foal. ClassicStar, GeoStar and/or related individuals and entities are alleged to have improperly oversold the mare lease program and subsequently attempted to substitute the interest in thoroughbreds with unsuitable alternatives, such as interests in non-thoroughbreds and/or mining interests or stock options. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent rulings on pretrial motions, and conserve the resources of the parties, their counsel and the judiciary.

---

[1] Wilmington Trust of Pennsylvania; Private Consulting Group, Inc.; and David S. Forman.

[2] In addition to the seven actions now before the Panel, the parties have notified the Panel of two related actions pending, respectively, in the Eastern District of Kentucky and the District of Utah. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

Several objecting plaintiffs make this point, arguing that centralization under Section 1407 is unnecessary because resolution of each action will likely depend on facts unique to various representations made to each plaintiff. Though these plaintiffs have made valid arguments, we nevertheless believe that centralization is both permissible and beneficial in these circumstances. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. Regardless of any differences among the actions, all actions arise from the same factual milieu, raising common factual questions regarding the promotion and operation of the ClassicStar mare lease program. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

Several parties make other requests. Two defendants[3] in the Middle District of Florida action request separation and remand of the claims against them. Plaintiff in the District of Utah *Plummer* action opposes transfer of that action but otherwise supports centralization of four actions pending, respectively, in the Northern District of California, the Middle District of Florida, the Eastern District of Kentucky, and the Eastern District of Pennsylvania. Defendants S. David Plummer and Strategic Opportunity Solutions, LLC, also support transfer of only those four actions. Defendant GaStar in *Plummer* requests that the Panel delay transfer of *Plummer* until its motion to dismiss is ruled upon or, alternatively, requests that the Panel delay transfer of the claims against it until the motion to dismiss is decided. After careful consideration, we have decided to deny these requests. The transferee court, whenever it deems appropriate, may recommend Section 1407 remand of any claims or actions in advance of other claims or actions. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38; *In re Acacia Media Technologies Corp. Patent Litigation*, 360 F.Supp.2d 1337 (J.P.M.L. 2005). Moreover, the transferee court can also deal with GaStar's motion to dismiss, or any other motions. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Given the many parties and interests involved, there is no perfect choice for the transferee court. However, the Eastern District of Kentucky has many appealing virtues. The first-filed action has been pending there for over a year and this district is, therefore, an appropriate transferee forum. Centralization there under Section 1407 will serve best the overall convenience of the many parties and witnesses. The district also favors the just and efficient conduct of the litigation because the bankruptcy proceedings regarding ClassicStar are pending there. Moreover, the district's general docket conditions permit us to make the Section 1407 assignment knowing that the court has the resources available to manage this litigation. Finally, in assigning this litigation to Judge Joseph M. Hood, we select an experienced jurist who can consider the respective interests of all parties and who can steer this complex litigation on a prudent course.

---

[3] Dwayne Schiellack and Schiellack and Associates.

-3-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Eastern District of Kentucky are transferred to the Eastern District of Kentucky and, with the consent of that court, assigned to the Honorable Joseph M. Hood for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen          J. Frederick Motz
Robert L. Miller, Jr.     Kathryn H. Vratil
David R. Hansen           Anthony J. Scirica

IN RE: CLASSICSTAR MARE LEASE
LITIGATION

MDL No. 1877

## SCHEDULE A

### Northern District of California

Gregory R. Raifman, et al. v. ClassicStar, LLC, et al., C.A. No. 3:07-2552

### Middle District of Florida

Premiere Thoroughbreds, LLC, et al. v. ClassicStar, LLC, et al., C.A. No. 6:07-976

### Eastern District of Kentucky

West Hills Farms, LLC, et al. v. ClassicStar, LLC, et al., C.A. No. 5:06-243

### Eastern District of Pennsylvania

J&L Canterbury Farms, LLC, et al. v. ClassicStar, LLC, et al., C.A. No. 2:07-163

### District of Utah

Beechglen Farms, et al. v. ClassicStar, LLC, et al., C.A. No. 2:07-1
Bissmeyer Properties v. ClassicStar, LLC, et al., C.A. No. 2:07-388
Spencer D. Plummer, III v. GeoStar Corp., et al., C.A. No. 2:07-409